## No. 11,873.

### LANHAM *v.* JONES.

Decided June 4, 1928.

Mr. JOHN H. SIMPSON, for plaintiff in error.

Mr. P. D. NELSON, for defendant in error.

*Department Two.*

MR. JUSTICE CAMPBELL delivered the opinion of the court.

THE plaintiff Jones, owner of 260 acres of land in Larimer county, gave to the defendants Wallace and Grimes what purports on its face to be an oil and gas lease thereof, and Wallace and Grimes gave to the defendant Lanham a sublease on 60 acres of the tract. In the so-called lease there is a provision to the effect that, in the event the same shall be assigned as to a part or parts of the lands, and the assignee thereof shall default in the payment of his proportionate part of the rent due from him, such default shall not operate to defeat or affect the lease in so far as it covers a part or parts of the lands upon which lessee or any assignee "hereof" shall make due payment of the rental. Plaintiff Jones brought this action against Wallace and Grimes, who claimed as lessees, and Lanham who claimed as sublessee, and other parties, who are supposed to have some interest, to have the lease declared void on the grounds of fraud in its procurement, and for uncertainty and indefiniteness in performance, and to have plaintiff's title to the lands quieted in him. All of the defendants, except Lanham, sublessee, defaulted. Lanham, after having unsuccessfully attacked the complaint by motion and demurrers, filed an answer and an amended answer, to which a replication was filed and upon issues thus joined, upon a hearing before the court without a jury, its finding was that the purported original so-called lease and the sublease were void. The court, in substance, found that while there was in both of these instruments language usually employed in leases and subleases proper, the instrument of letting in this case was in law and in fact no more than a naked option to drill a well on the premises for the production of oil and gas, with no time fixed for performance and, therefore, terminable by either party on, or at any time after, the first day of March, 1925, to which time both parties seem to agree that it was extended, in the absence of any intervening equities, and that there are none, and that the plaintiff, by refusing to accept payment of rentals, other than the original consideration of

the option, and by the institution of this action has manifested his intention to terminate, and has terminated, the same. Upon such findings the court ordered both instruments cancelled and held for naught, and quieted title to the lands in question in the plaintiff. Lanham, the only defendant not defaulting, has brought this decree to this court for a review thereof.

It should also be stated that in his complaint the plaintiff alleged that he was an unlettered man, unable either to read or write, and that the lessees perpetrated a fraud upon him in that they represented to him that the lease to which his signature was affixed was not in its provisions materially different from the lease which the parties had theretofore agreed upon. And he also claimed, as above stated, that it was void for uncertainty.

Considerable testimony was taken as to the alleged fraud in procuring the lease and while the court indicated in its opinion, brought up in the record, that the judgment might well be placed upon such fraud, yet it ignored that issue and made its findings and based its decree, as above stated, upon the ground that the lease which the plaintiff executed, was void and terminable at the election of either party.

1. If the trial court had cancelled the lease because of the alleged fraud of the lessees, some of the questions presented by sublessee Lanham in his brief might have force. Other grounds urged for a reversal have no pertinency to the court's finding that the lease was void at its inception for the reason mentioned and terminable by either party.

2. The plaintiff in error strenuously contends that it was prejudicial error to refuse his motion for a separate trial because he was in no way connected with the alleged fraud of the lessees and, therefore, evidence that was produced by the plaintiff tending to show that such frauds were perpetrated by Wallace and Grimes probably would, and did, result in confusion to the court's mind that led it, in some way, to connect the innocent plaintiff in error

with the fraud of the guilty parties. For the reasons stated, since the court did not make any finding on the fraud issue, no prejudice could have resulted to the plaintiff in error in refusing him the separate trial. Besides this, the trial was to the court without a jury and it is not probable that the court, even if it had decided the fraud issue, would have connected the plaintiff in error with any wrong in procuring the original lease. Plaintiff in error, therefore, is mistaken in his supposition that the lessor received his decree upon the theory that the court held sublessee liable for the alleged fraud of the lessees in procuring the lease.

3. We find no prejudicial ruling of the court in the admission or rejection of testimony. There might be ground for plaintiff's contention that the court erred in not sustaining his motion to dismiss the suit because it was prematurely brought, had the court decided the case on the fraud issue. In its findings the court did say that the lease was subject to one extension, probably because of payment of rent, or advance royalty, to March 4, 1925, the date of execution of the lease being December, 1923. First, we say that there was an amendment to the complaint filed at the beginning of the trial, which alleged that the lease had expired because of failure to pay rentals after September 1, 1925, and it contained allegations of fact arising after the commencement of the action, such facts, among other things, being that the lease had expired by its own terms. If the plaintiff relied solely upon fraud, and if the court had not properly found that the so-called lease was nothing but a naked option without any definite or fixed time of performance, there might be, as we have already said, some question as to the ruling of the court denying Lanham's motion to dismiss on the ground that the suit was prematurely brought. An entirely sufficient reason for holding that this ruling of the court was not prejudicial error is that the motion for dismissal, because the action was prematurely brought, might have been made before the issues

of fact were joined, but it was not suggested until after all the evidence was in, and after the complaint was amended and evidence responsive to the issue thereby tendered, was produced by both parties, and the case decided on the merits.

4. We think none of the alleged errors is well taken. The case of *National Oil and Pipe Line Co. v. Teel*, (Tex.) 67 S. W. 545, is authority for this decree. In that case it was held that a contract such as this, that purported to be a lease, but which was in fact merely a naked option, with no definite time of performance, was terminable by either party in the absence of any intervening equities. In 1 Thornton's Law of Oil and Gas, (4th Ed.), sec. 85a, p. 261, the author says that instruments of this character are construed most favorably to development, that time is the essence of the contract, and the real motive for the giving of such instruments is the development of the leased property. Therefore, such a lease or option is properly construed strongly against the lessee so as to secure such speedy development. In the instruments before us the supposed lessees were not obliged either to drill or to pay rental; but they might, by payment of rental, defer development for all time, and thus deprive the owner of the land of the principal consideration of the alleged lease.

We cannot interfere with the findings of the court. There was evidence to sustain them, and the decree was properly based upon the findings. The decree is, therefore, affirmed.

Mr. Chief Justice Denison, Mr. Justice Adams and Mr. Justice Butler concur.