No. 12,439.

YARG PRODUCING AND REFINING CORPORATION ET AL. *v.* ILES INVESTMENT COMPANY.
(297 Pac. 1001)

Decided March 30, 1931.

Mr. J. F. Meador, Mr. Harry C. Riddle, for plaintiffs in error.

Mr. Charles R. Enos, Mr. Harold H. Healy, Mr. Theodore A. Chisholm, Mr. George A. Pughe, for defendant in error.

*In Department.*

Mr. Justice Moore delivered the opinion of the court.

The Yarg Producing and Refining Corporation prosecutes this writ of error to review a decree of the district court quieting title to certain property in defendant in error, the Iles Investment Company. The names of Jane F. Ahearn and Patricia Ahearn, a minor, improperly appear as plaintiffs in error, no assignments of error having been lodged in this court in behalf of either.

The Iles Investment Company on November 17, 1923, deeded certain real estate, including all mineral rights, to David C. Ahearn. This deed contained the following reservation and condition: "* * * * and saving, excepting and reserving to the party of the first part, its successors and assigns, an undivided one-eighth (⅛th) part of all of the oil, gas and other similar mineral substances, in [certain portions of said property] * * * and said lands last above described are also subject to a certain 'operating agreement' of even date herewith, and to be recorded herewith, between the parties hereto, to which reference may be made for the express cove-

nants and conditions therein contained, providing for the exploration and development of the said land for the oil and gas and other similar mineral substances supposed to be therein.''

As part payment of one-half the purchase price, Ahearn executed a trust deed on November 17, 1923, on said lands and said seven-eighths of the oil and gas. Upon default by Ahearn, the trust deed was foreclosed, a trustee's deed executed to the Iles Company, and possession taken thereunder. Before the foreclosure, and subsequent and subject to the deed of trust and on April 2, 1924, Ahearn executed an oil and gas lease to the Yarg Company which, after having drilled a dry hole, sold its equipment and abandoned the property in April, 1925, making no claims thereto until the institution of this action in the district court, July 28, 1928. This lease being subsequent and subject to said deed of trust, the rights thereunder were foreclosed by the foreclosure suit. The answer of the Yarg Company fails to assert any interest in said property arising out of said lease, but claims as assignee of the operating agreement and that said deed to Ahearn is subject thereto. This agreement dated November 16, 1923, between the Iles Company and Ahearn, after reciting the execution of said deed to Ahearn, the property conveyed thereby and the reservation of one-eighth of the oil and gas provides:

''Whereas, the parties hereto desire to give notice in the records of the County Clerk and Recorder of Moffat County, of the said reservation and rights saved by the said The Iles Investment Company, and of the covenants to be performed by the said David C. Ahearn in connection therewith; Now therefore, the parties hereto do draw and execute this instrument and cause the same to be recorded in the said record; to give effect to the said reservation in accordance with said agreements, said David C. Ahearn has covenanted as follows:

''(a) To commence to drill a well on the premises above described within the year 1924 and to prosecute

the drilling thereof from day to day with due diligence and in good faith until the drill explores the 'Dakota Sands' unless oil and/or gas in paying quantities be found at a lesser depth;

" * * * That the second party is bound to deliver to the credit of the first party, free of cost, in the pipe line to which the second party may connect his wells, an equal one-eighth (⅛th) part of all oil produced and saved from the premises herein above described as royalty * * *."

Further provisions thereof concerning location and drilling of wells are not material here.

Ownership, possession and payment of taxes since April 21, 1926, was proven by the Iles Company.

The record fails to disclose that the Yarg Company had any interest by assignment in said operating agreement. Assuming that the Yarg Company had the claimed interest, such has long since been lost by abandonment. The operating agreement was not a conveyance or grant of mineral rights and cannot be construed to be a perpetual right to operate for oil. Its wording clearly discloses that it was merely a contract providing the method and conditions of the development of oil possibilities and was intended for the protection of the Iles Company's one-eighth reserved interest.

The purpose of an oil or gas operating agreement in undeveloped territory such as here, is to determine, with reasonable expedition, the presence of oil or gas. Such are not ordinarily drawn with the intent and do not purport to give a perpetual right to explore for oil. Whatever rights may be acquired thereunder undoubtedly can be lost by abandonment. Tiffany on Real Property (2d Ed.), vol. 1, 875; 40 C. J. 1053; *Lanham v. Jones,* 84 Colo. 129, 268 Pac. 521; *Berton v. Coss,* 139 Okla. 42, 280 Pac. 1093.

Other questions raised by the assignments of error are without merit.

Judgment affirmed.

Mr. Chief Justice Adams, Mr. Justice Burke and Mr. Justice Alter concur.