Kiyomi HASEGAWA,
Plaintiff-Appellant,

v.

Victor A. DAY and John O. Burgess, Personal Representatives of the Estate of John W. Day, deceased, and Jan O. Day, Defendants-Appellees.

No. 82CA0428.

Colorado Court of Appeals,
Div. III.

Nov. 17, 1983.

Rehearing Denied Jan. 12, 1984.

Certiorari Denied July 2, 1984.

John O. Walker, P.C., John O. Walker, James H. Hiatt, Fort Collins, for plaintiff-appellant

Anderson, Sommermeyer, Wick & Dow, Samuel L. Anderson, Warberg & Mast, P.C., D. Chet Mast, Sonja E. Warberg, Fort Collins, for defendants-appellees.

BABCOCK, Judge.

In this personal injury action the plaintiff, Kiyomi Hasegawa, appeals from the summary judgment entered by the trial court against her in favor of defendants, Victor A. Day and John O. Burgess, personal representatives of the Estate of John W. Day, and Jan O. Day. We reverse and remand with directions.

Plaintiff, a passenger in an automobile, was injured in a collision with another vehicle operated by Steven Richard Day (son). She claimed damages against his father, John W. Day, upon a theory of imputed negligence under the "family car doctrine" and upon a theory of "negligent entrustment." During the litigation father died and the personal representatives of the estate were substituted as parties defendant. Plaintiff also sought to recover damages from son's mother, Jan O. Day, upon a theory of negligent entrustment.

In September 1976, the son age 17, having been adjudicated delinquent, was committed to the custody of the Colorado Department of Institutions (department). In January 1977, he was released by the department upon a "leave of absence" to reside with the father and mother. Written conditions of release were reviewed by the staff of the department with the son and his parents. The son and the father both understood that within these conditions the father had the primary right and responsibility to control the son and the son had the duty and obligation to follow the directions of his father, specifically, and both parents, generally.

In February 1977, the father wrote a check to the son in the sum of $1,750 for the purchase of the automobile involved in the collision. According to the father, this check represented repayment of a loan

made from the son's funds in the 1960's during a time of family financial crisis. The money had been given to son by his grandfather and was held and controlled by the father and mother.

Title to the automobile was placed in the name of the son. The expenses of operation and maintenance were paid by the son, with the exception that the car was insured under the father's liability policy. That policy also covered other automobiles, each of which was titled individually in the names of father, mother, and a sister, members of father's household.

On April 8, 1977, the son took the automobile and left home. The collision occurred on April 11, 1977. The son was intoxicated at the time.

Plaintiff asserts the trial court erred in granting summary judgment upon her claims. We agree.

■ Summary judgment may be granted only if the pleadings, discovery documents, and affidavits establish that no genuine issue exists as to any material fact and that judgment should be entered as a matter of law. C.R.C.P. 56(c). Summary judgment is a drastic remedy granted only upon a clear showing that there is no genuine issue as to any material fact, with the trial court to resolve all doubt thereon against the moving party. *Jones v. Dressel*, 623 P.2d 370 (Colo.1981). If reasonable persons might reach different conclusions or draw different inferences from facts about which there is no controversy, then summary judgment should be denied. *Morlan v. Durland Trust Co.*, 127 Colo. 5, 252 P.2d 98 (1952).

■ The elements of the family car doctrine, as applicable here, are: 1) the father was the head of the household; 2) the father had control over the use of a vehicle; 3) the vehicle was used by the son as a member of father's household; 4) the vehicle was used with the express or implied permission of the father; 5) the son was negligent in operating the vehicle; and 6) the son's negligence caused damages to the plaintiff. *Boyd v. Close*, 82 Colo. 150, 257

P. 1079 (1927); *Hutchins v. Haffner*, 63 Colo. 365, 167 P. 966 (1917); *see* Colo. J.I. 11:15 (2d ed. 1980).

Defendants do not dispute that father was the head of the household, that his son was negligent in the operation of the automobile, or that plaintiff suffered damages as a result of the son's negligence. They contend, however, that because the son was in the legal custody of the department he was not, as a matter of law, a member of father's household. They also assert that there is no genuine issue of material fact with regard to father's lack of control over the use of the vehicle and that the vehicle was used by the son without either father's express or implied permission. We disagree with these contentions.

While the department may be vested with the right to control an individual incidental to its legal custody of that person, *see* § 19–3–115, C.R.S.1973; § 19–1–103(19), C.R.S.1973, to hold that this right of control is *per se* determinative of the question whether the son was a member of father's household would frustrate the policy underlying the family car doctrine.

■ The specific rationale for the family car doctrine is that it serves to fasten financial responsibility upon a person who is more likely to respond in damages when a family car is used negligently by a person without sufficient assets of his own. *Hutchins v. Haffner, supra; see Appelhans v. Kirkwood*, 148 Colo. 92, 365 P.2d 233 (1961). And, where the head of the household has control over the use of the vehicle he may be liable under the family car doctrine even though he is not the owner. *Ferguson v. Hurford*, 132 Colo. 507, 290 P.2d 229 (1955); *Boyd v. Close, supra; see* Colo. J.I. 11:15 (2d ed. 1980). "Those who dwell under the same roof and compose a family" constitute a "household." *Black's Law Dictionary* 873 (rev. 4th ed. 1968). *See Perkins v. Morgan*, 36 Colo. 360, 85 P. 640 (1906).

■ Here, the department had placed the son in the father's home and delegated to father the right and responsibility, in

fact, to control the actions of his son. We therefore conclude that reasonable persons could find that the son, living in his father's home with his mother and two siblings, as a family and subject to his father's control as delegated by the department, was a member of the household for the purpose of the family car doctrine. And, the authority delegated by the department to the father, coupled with the inclusion of the son's automobile under the father's liability insurance policy, could give rise to a reasonable inference that the father had actual control of the vehicle.

■ "Implied permission or consent, is where a person by his line of conduct has shown a disposition to permit another person to do a certain thing and raises no objection thereto." *Vick v. Zumwalt*, 130 Colo. 148, 273 P.2d 1010 (1954). There is no dispute that son used the automobile on a day-to-day basis with the express permission of father. When son left home on April 8, 1977, he was suspected of having committed a theft. There is indication in the record that his parents either knew of his whereabouts or could have located him. Hence, reasonable persons could infer that son took the car with the tacit knowledge and approval of the father in order to avoid contact with the police.

■ We conclude that genuine issues of material fact exist with regard to the disputed elements of the family car doctrine in this case. Therefore, the court erred in granting summary judgment upon this claim. *See McCall v. Roper*, 32 Colo.App. 352, 511 P.2d 541 (1973).

Although the theory of negligent entrustment has not been expressly recognized by an appellate court of Colorado, it is recognized as common law in virtually every state. *Douglass v. Hartford Insurance Co.*, 602 F.2d 934 (10th Cir.1979). *Restatement (Second) of Torts* § 308 (1965) states the rule as follows:

"It is negligence to permit a third person to use a thing or to engage in an activity which is under the control of the actor, if the actor knows or should know that such person intends or is likely to use the thing or conduct himself in the activity in such a manner as to create an unreasonable risk of harm to others."

■ Based on its implicit recognition in *Dickens v. Barnham*, 69 Colo. 349, 194 P. 356 (1920) and *United Fire & Casualty Co. v. Day*, 657 P.2d 981 (Colo.App.1982), we expressly adopt negligent entrustment as a theory of liability in this state. In so doing, we note that it is not a theory of vicarious liability. *Cf. United Fire & Casualty Co. v. Day, supra* (fn. 1).

■ The elements of negligent entrustment as applicable here are: 1) a supplier permitting a third party to use a thing or engage in an activity; 2) which is under the control of the supplier; and 3) the supplier giving such permission either knowing or having reason to know that the third party intends or is likely to use the thing in such a manner as to create an unreasonable risk of harm to others.

■ The department had delegated authority to father and mother to control the activities of the son on a day-to-day basis. Father and mother had control over the funds which were furnished to acquire the automobile involved in the collision. These facts could permit reasonable persons to find that mother and father permitted the son to use the automobile and that its use was under their actual control.

The following facts could lead reasonable persons to conclude that the parents knew or had reason to know that their son was likely to use the automobile in such a manner as to create an unreasonable risk of harm to others. Son's juvenile record reflects 44 juvenile police and court contacts involving allegations of being a runaway and of theft, burglary, and robbery, plus abuse of drugs, narcotics, and alcohol. The department evaluated the son as impulsive, anti-social, and possibly a sociopath, and provided regular counseling to the son and his parents in an attempt to correct these problems.

We conclude that genuine issues exist as to material facts concerning each element

of the tort of negligent entrustment and that the trial court erred in granting summary judgment upon this claim.

The judgment of the trial court is reversed and the cause is remanded with directions to deny defendant's motions for summary judgment and to proceed to trial.

STERNBERG and TURSI, JJ., concur.