Danny BAKER; Alvin Rohleder, individually, and as father of Nicholas J. Rohleder, deceased; Ronald Smith, individually, and as father of Bryon G. Smith, deceased; and Paul Rasmussen, individually, and as father of Henry M. Rasmussen, deceased, Plaintiffs-Appellants,

v.

Cyril M. BRATRSOVSKY, d/b/a CMB Auto Sales, Defendant-Appellee.

No. 82CA1061.

Colorado Court of Appeals, Div. II.

Aug. 16, 1984.

Law Offices of Peter Alpert, Michael Schingle, Fort Morgan, Zuckerman & Kleinman, P.C., James S. Miller, Denver, for plaintiffs-appellants.

Vanatta & Halaby, P.C., Scott F. Sullan, Denver, for defendant-appellee.

SMITH, Judge.

In this wrongful death and personal injury action, plaintiffs, Dan Baker and the fathers of Nicholas Rohleder, Bryon Smith, and Henry Rasmussen, deceased, appeal the trial court's directed verdict for defendant, Cyril M. Bratrsovsky, on the issue of negligent entrustment. We affirm.

The facts are as follows. On or about August 8, 1980, defendant Bratrsovsky, a used car salesman in Fort Morgan, Colorado, acquired a 1971 Pontiac automobile. Bratrsovsky's attempts at selling the car were unsuccessful so he decided to sell it

for parts. Eventually, the carburetor and manifold of the Pontiac were sold.

In early April 1981, Terry Scheibel came to Bratrsovsky and arranged to trade an inoperable 1954 Chevrolet and a Chevrolet engine for what was left of the Pontiac. The Pontiac was towed to Scheibel's home. After the cars and the engine were exchanged, there was no further contact between the two men. The evidence disclosed that in late April 1981, subsequent to the transaction and unknown to Bratrsovsky, Scheibel was charged with serious traffic offenses in two unrelated incidents. Scheibel was not driving the Pontiac on either occasion, although, unbeknownst to Bratrsovsky he had apparently repaired and was operating it.

On June 29, 1981, two months after purchasing the Pontiac from Bratrsovsky and while driving it westbound on the I–76 Frontage Road near Fort Morgan, Colorado, Scheibel collided head on with a vehicle containing four boys, Dan Baker, Nicholas Rohleder, Bryon Smith, and Henry Rasmussen. Scheibel, Rohleder, Smith, and Rasmussen were all killed. Plaintiffs, Baker and the fathers of the three boys who were killed, brought suit for wrongful death and personal injury damages against Scheibel's estate and Bratrsovsky.

At the close of plaintiffs' evidence, Bratrsovsky moved for and was granted a directed verdict on the sole claim which had been asserted against him, namely that of negligent entrustment. The remaining issues against Scheibel's estate were submitted to the jury which returned a total verdict of $180,000. The plaintiffs appeal arguing that the trial court erred in directing a verdict for Bratrsovsky on plaintiffs' claim of negligent entrustment.

Plaintiffs contend that since a certificate of title to the Pontiac never issued to Scheibel, Bratrsovsky, as the vendor, retained ownership of the Pontiac and therefore owed a duty to plaintiffs under the theory of negligent entrustment. Even if we assume, for purposes of argument, that Bratrsovsky remained the owner—the result here is the same.

■ Contrary to Bratrsovsky's contention that negligent entrustment is not a viable claim in this state, such theory of recovery has been specifically recognized in *Hasegawa v. Day*, 684 P.2d 936 (Colo.App. 1983).

While Colorado has not had occasion to discuss negligent entrustment in terms of the duties of a seller, *see Pugmire Lincoln Mercury, Inc. v. Sorrells*, 142 Ga.App. 444, 236 S.E.2d 113 (1977), or of a car salesman in an uncompleted sale, other states have. *See, e.g., Thomason v. Harper*, 162 Ga. App. 441, 289 S.E.2d 773 (1982); *Abraham v. S.E. Onorato Garages*, 50 Hawaii 628, 446 P.2d 821 (1968); *State of Montana ex rel City Motor Co. Inc. v. District Court*, 166 Mont. 52, 530 P.2d 486 (1975). The fundamental element that pervades these cases is that the entrustor must have "actual knowledge" of the individual's recklessness or incompetence or of facts from which such knowledge could reasonably be inferred. As the court stated in *Thomason v. Harper, supra*:

> "*An essential element of establishing [the tort of negligent entrustment] is allegation and proof that the owner of the vehicle had actual knowledge of the intended driver's incompetence ....* Thus, in this state, when the liability of the defendant entrustor is premised upon the driver's pattern of prior recklessness, the evidence in support of the imposition of such liability must show that the defendant-entrustor had actual knowledge of *the pattern* upon which the injured party relies as demonstrating the driver's incompetency. *However difficult it may have been [for] the plaintiffs ... it was incumbent upon them to show ... that [the defendant-entrustor] had actual knowledge of a pattern of reckless driving or facts from which such knowledge could reasonably be inferred ....*" (emphasis added)

■ We find the rationale of the Georgia court to be persuasive. It was admitted that Bratrsovsky had no actual knowledge of Scheibel's driving record, nor did the

evidence indicate that, prior to the sale of the Pontiac, Scheibel had a pattern of reckless or incompetent driving. The evidence of Scheibel's alleged incompetence as a driver all arose after the sale and delivery of the Pontiac. Although Scheibel was charged with reckless driving and driving under the influence on occasions subsequent to the sale, he was not convicted thereof as he died before any dispositions occurred. Hence, Bratrsovsky had no actual knowledge of, nor any reason or duty to investigate, Scheibel's competency as a driver, especially since the automobile was inoperable at the time of sale and was sold on the basis that it be used for parts. *See Hines v. Bell*, 104 Ga.App. 76, 120 S.E.2d 892 (1961). Hence, the directed verdict in favor of Bratrsovsky was correct.

In view of our decision, it is unnecessary to consider the plaintiffs' other assignments of error.

The judgment is affirmed.

BERMAN and VAN CISE, JJ., concur.