**MILBANK INSURANCE COMPANY, Plaintiff-Appellant,**

v.

**Robert GARCIA and Judy L. Collins, Defendants-Appellees.**

No. 84–1366.

United States Court of Appeals, Tenth Circuit.

Dec. 18, 1985.

Hugh D. Wise, of Dufford, Waldeck, Ruland, Wise & Milburn, Grand Junction, Colo., for plaintiff-appellant.

Jerry D. Otero, of Grand Junction, Colo., for defendant-appellee Garcia.

Stacy R. Carpenter, of Grand Junction, Colo., for defendant-appellee Collins.

Before McKAY, BREITENSTEIN and BALDOCK *.

BREITENSTEIN, Senior Circuit Judge.

This is a diversity action for a declaratory judgment. Jurisdiction lies under 28 U.S.C. §§ 1332 and 2201. Appellant-Plaintiff, Milbank Insurance Company, sued for a determination of its liability under two insurance policies. It appeals from a summary judgment entered for the defendants-appellees. We affirm.

The facts are stipulated. R. 58–60. Defendant-Appellee Robert Garcia d/b/a Garcia Concrete was in the business of installing concrete. As part of that work the old concrete was removed. R. 60. Plaintiff-Appellant, Milbank issued two insurance policies to Garcia. One was a manufacturer's and contractor's liability policy, M & C policy, with a limit of liability of $400,000.00 and a $137.00 annual premium. Id. The other was an automobile liability insurance policy with limits of $25,000/$50,000 and an annual premium of $1,218.00. Id.

Attached to the stipulation is a complaint filed in the Mesa County, Colorado, district court by Judy L. Collins against James Richard Reeder, Alfred W. Reeder, Joseph Grover Romero, Robert Dale Garcia and Garcia Concrete Company, defendants. R. 62–65. The stipulation says, R. 59:

"For the purposes of this Stipulation only, the parties stipulate that the Plaintiff will be able to prove the allegations of the Complaint."

Paragraph 27 of the complaint says:

"That ROBERT DALE GARCIA was negligent and careless in entrusting the vehicle to an employee of his when said vehicle was obviously overloaded and a great risk to the general public. . . ." R. 64.

On July 31, 1981, an automobile accident occurred in Grand Junction, Colorado. R. 58. At the time of the accident, Romero, an employee of Garcia, was operating a 1951 dump truck owned by Garcia. R. 62. The dump truck was overloaded, permitting a portion of the load to fall off the top of the bed of the truck onto the highway creating a traffic hazard. Id. Wilbert Collins came on the scene and, recognizing the danger to approaching traffic, stopped his vehicle and began assisting the pick up of the debris from the highway. Id. Garcia, operating a pickup truck, stopped behind the dump truck to assist in the removal of the debris. James Reeder, failing to realize that the pickup truck and the dump truck were stopped, drove into Garcia's pickup which was thrust forward crushing Collins between the pickup and the dump truck. Id. 62–63. Collins died as the result of the injuries which he received. Id. Judy Collins, the widow of Wilbert Collins, filed the mentioned complaint in state court.

Milbank brought this suit in federal court to determine its liability under the insurance policies and moved for a summary judgment. The parties agreed that Milbank is liable under the automobile liability policy. R. 84. Milbank contends that it is not obliged to defend and indemnify Garcia under the M & C policy. The district court held against Milbank on this issue, R. 86, and Milbank appeals. We affirm.

The M & C policy provides, R. 74–75:

"The company will pay on behalf of the insured all sums which the **insured** shall become legally obligated to pay as damages because of

  A. **bodily injury** or

  B. **property damage**

to which this instrument applies, caused by an **occurrence,** and the company shall have the right and duty to defend any suit against the **insured** seeking damages on account of such **bodily injury** or **property damage,** even if any of the allegations of the suit are groundless,

---

* Honorable Bobby R. Baldock, United States District Judge for the District of New Mexico, sitting by designation.

false or fraudulent, and may make such investigation and settlement of any claim or suit as it deems expedient, but the company shall not be obligated to pay any claim or judgment or to defend any suit after the applicable limit of the company's liability has been exhausted by payment of judgments or settlements.

Exclusions

This insurance does not apply: ...

(b) to **bodily injury** or **property damage** arising out of the ownership, maintenance, operation, use, loading or unloading of

(1) any **automobile**, or aircraft owned or operated by or rented or loaned to any **insured** . . . ."

The complaint filed by Judy Collins in the state court charges in ¶ 27, R. 64, that Garcia, Milbank's insured, negligently entrusted an overloaded truck to his employee, Romero, at great risk to the general public. The federal district court held in Milbank's declaratory judgment action, R. 86, that:

"Milbank argues that '[t]here is no magic to the label 'negligent entrustment' and it is the facts alleged which would give rise to coverage rather than the nomenclature used.' However, *Douglass [Douglass v. Hartford Ins. Co.*, 10 Cir., 602 F.2d 934] holds to the contrary. In this case, as in *Douglass*, the policy obligates the insurance company to defend the insured 'even if any of the allegations are groundless, false or fraudulent.' Moreover, the parties stipulate, for the purposes of the Motion, that Collins 'will be able to prove the allegations of the [state court] Complaint.' Milbank's Motion for Summary Judgment therefore will be denied insofar as it concerns Collins' claims of negligent entrustment."

This is a contract, rather than a tort, case. The question is whether Milbank has an obligation to defend and indemnify Garcia under its M & C liability policy that it issued to Garcia. The answer lies in Colorado law. Milbank relies on *State Farm Mutual Automobile Insurance Company*

*v. Westchester Fire Insurance Company,* D.C.Colo., 435 F.Supp. 338. State Farm had an automobile liability policy and Westchester had a general liability policy similar to that of Milbank. A driver employed by the insured in each policy was making delivery of petroleum products to a customer of his employer. Traffic conditions caused the driver to swerve sharply, resulting in several cans of gear lubricant spilling onto the highway. The driver made no effort to clean up the spilled oil. A group of motorcyclists skidded on the oil and received injuries. They sued the employer and State Farm settled the case. State Farm sought to recover from Westchester which had issued the general liability policy to the employer. The court held in favor of Westchester and dismissed the action. In so doing, it relied on the decision of the Colorado Supreme Court in *Titan Construction Co. v. Nolf*, 183 Colo. 188, 515 P.2d 1123, wherein it is said, *Id.* 515 P.2d at p. 1126:

"We have concluded that the better rule in this situation should not be as limited as the 'actual use' doctrine, but rather that we should adopt the so-called 'but for' test of causation."

The court in *State Farm* held that the accident would not have occurred "but for" the use of the insured truck to transport the petroleum products of the employer to the point on the highway where the spillage occurred, and that State Farm was liable under its policy. *State Farm*, supra, 535 F.Supp. at 340. Neither the *State Farm* case nor the Titan decision had anything to do with negligent entrustment which is alleged here in the state court complaint.

Colorado has adopted the theory of negligent entrustment. In *United Fire & Casualty Company v. Day*, Colo.App., 657 P.2d 981, 984, the court held that the insurance company was bound to defend a case involving an accident, in which a car was owned, operated by, and registered to defendant's son, under a homeowner's liability policy. The policy provided that it did

not apply to bodily injury or property damage arising out of the ownership, maintenance, operation, use, loading or unloading of a motor vehicle owned or operated by, or rented or loaned to any insured. The court affirmed the judgment, saying, p. 983–984, that, when insurance policies purport to grant broad coverage, they must be interpreted to further the principles of coverage.

*Hasegawa v. Day,* Colo.App., 684 P.2d 936, 939 says, "[W]e expressly adopt negligent entrustment as a theory of liability in this state." The decision defined the elements of negligent entrustment as, *Id.*:

"(1) a supplier permitting a third party to use a thing or engage in an activity; (2) which is under the control of the supplier; and (3) the supplier giving such permission either knowing or having reason to know that the third party intends or is likely to use the thing in such a manner as to create an unreasonable risk of harm to others."

The complaint charges, R. 64, that Garcia negligently entrusted to his employee a vehicle which was obviously overloaded and a great risk to the general public. The complaint meets the requirements of Hasegawa. The parties have stipulated that for the purposes of the stipulation the plaintiff will be able to prove the allegations of the complaint. R. 59.

In *Douglass v. Hartford Insurance Company,* 10 Cir., 602 F.2d 934, the question was the duty of Hartford to defend under its homeowner policy. In upholding the duty of Hartford to defend, we quoted with approval the statement of the trial court that, p. 935:

"[T]he gist of the action, the gravamen, if you will, is not the use of the motor vehicle, which arguably establishes a basis for these exclusions of the policy to become operative, but rather the gist or the gravamen of the tort is the failure to control and the failure to supervise what amounts to a dangerous instrumentality; . . . ."

Here, the gist of the offense is the failure to control and supervise what amounts to a dangerous instrumentality according to Collins, namely an overloaded dump truck.

Appellant argues that all of the Colorado decisions on negligent entrustment are based on parent and child situations but here the situation is respondeat superior. None of the Colorado cases make this distinction and we decline to do so. We recognize the dovetailing doctrine which directs courts to apply multiple liability clauses consistently. State courts are divided on whether the coverage under such clauses as to the tort of negligent entrustment is excluded from coverage under a homeowner's policy or not. Compare *Insurance Company of North America v. Waterhouse,* Del.Super.Ct., 424 A.2d 675 (recognizing the dovetailing rationale as a factor in excluding coverage for negligent entrustment under a homeowner policy) with *Upland Mutual Insurance, Inc. v. Noel,* 214 Kan. 145, 519 P.2d 737 (basing negligent entrustment on the primary negligence of the entrustor and not on the additional negligence of the driver and finding coverage under a homeowner policy). We conclude, as did the trial court, that the theory of negligent entrustment exists under the M & C policy and does not exist under the automobile policy. As to the other liability theories raised by Collins in her complaint, coverage is provided by the automobile policy and not under the M & C policy. R. 86.

Affirmed.