**PETROLEUM FUNDING CORPORATION, a Colorado corporation, Plaintiff-Appellee,**

v.

**WESTERN ENERGY DEVELOPMENT COMPANY, INC., a Colorado corporation, Defendant-Appellant.**

**No. 84CA0701.**

Colorado Court of Appeals, Div. III.

Dec. 19, 1985.

Robert W. Johnson, John D. Braun, Colorado Springs, for plaintiff-appellee.

Roath & Brega, P.C., Roger P. Thomasch, Denver, for defendant-appellant.

BABCOCK, Judge.

Defendant, Western Energy Development Co., Inc. (WEDCO), appeals the summary judgment in favor of plaintiff, Petroleum Funding Corp. (PFC), on its claim seeking rescission of an alleged agreement to purchase an interest in a petroleum lease. We reverse.

PFC and WEDCO executed an A.A.P.L. Form 610-1977 Model Operating Agreement (joint operating agreement) for the purpose of drilling an oil and gas well on a tract of land in Adams County known as the Piland lease. At the time the agreement was signed, neither party owned an interest in the mineral lease, although WEDCO had entered into an agreement with a third party represented to be the mineral lease owner (MORMAC) under which WEDCO would earn an assignment of a percentage of the mineral lease upon the completion of a drilling operation on the lease tract. The drilling operation was completed, but WEDCO was unable to obtain an assignment in the mineral lease because of a failure of title in MORMAC. Consequently, WEDCO was unable to convey to PFC any interest in the Piland lease.

PFC subsequently filed a complaint against WEDCO seeking rescission of the joint operating agreement and return of $88,312.14 which it had paid WEDCO towards drilling costs. The complaint alleged that, by the terms of the joint operating agreement, WEDCO was to convey to PFC a 20% working interest in WEDCO's 70% working interest in the Piland lease. In its motion for summary judgment, however, PFC alleged that it had purchased from WEDCO a 20% working interest in the Piland lease by a separate agreement which was entered into by the parties on the same date that the joint operating agreement was executed.

WEDCO's affidavit in opposition to the motion for summary judgment disputed PFC's allegation of a purchase and sale agreement. WEDCO stated that the parties had instead orally entered into a joint venture agreement in connection with the acquisition of the mineral lease interest from MORMAC and that the loss caused by the failure of title was to be shared by the parties according to the terms of the joint venture agreement.

The trial court found that there was no written purchase and sale contract describing the agreement between the parties. Nevertheless, the trial court found as a matter of law that the agreement between PFC and WEDCO was for the purchase and sale of a working interest in the lease. Based on this finding, summary judgment was entered rescinding the "purchase and sale agreement" and for refund of PFC's $88,312.14 investment together with interest.

WEDCO asserts that the trial court erred in granting summary judgment because a material fact exists as to the relationship of the parties in obtaining the mineral lease. We agree.

The true relationship of the parties cannot be determined by the pleadings and supplemental materials alone. There is no written agreement between the parties which establishes how they intended to acquire their respective interests in the mineral lease. The joint operating agreement serves merely to establish the mechanics for the development and operation of the Piland lease. There is no language of conveyance in the agreement, and it cannot be construed to be a conveyance or a grant of mineral rights. *Cf. Yarg Producing & Refining Corp. v. Iles Investment Co.,* 88 Colo. 412, 297 P. 1001 (1931).

Thus, we conclude that a question of fact exists whether the parties intended to assume jointly the risk of failure of title, or whether WEDCO alone assumed that risk by promising, in consideration for PFC's payment of a purchase price, to convey an interest in the Piland lease upon the completion of the well. Since resolution of this

fact question is material to the outcome of the controversy, summary judgment was improper. *See* C.R.C.P. 56, *Ellerman v. Kite*, 625 P.2d 1006 (Colo.1981); *Hasegawa v. Day*, 684 P.2d 936 (Colo.App.1983).

The summary judgment is reversed and the cause is remanded for further proceedings.

TURSI and METZGER, JJ., concur.