Barry HALSTED, Plaintiff–Appellant,

v.

Donald O. PETERSON and Penelope G. Peterson, Defendants–Appellees.

No. 89CA0774.

Colorado Court of Appeals,
Div. III.

May 10, 1990.

Rehearing Denied June 7, 1990.

Certiorari Granted Sept. 24, 1990.

Sander N. Karp, Denver, for plaintiff-appellant.

Weller, Friedrich, Ward & Andrew, Hal B. Warren, Barry F. Benson, Popham, Haik, Schnobrich & Kaufman, Ltd., Janet A. Savage, George G. Ventura, Denver, for defendants-appellees.

Opinion by Judge JONES.

Plaintiff, Barry Halsted, appeals from the summary judgment entered by the trial court against him and in favor of defendants, Donald O. and Penelope G. Peterson. We affirm in part, reverse in part, and remand with directions.

Plaintiff was severely injured and his wife and daughter were killed when his automobile was struck by a vehicle driven by defendants' 25–year–old daughter, Tamara Peterson (Tamara). At the time of the accident, Tamara was intoxicated and driving at an excessive speed in the wrong lane.

The record reflects that defendants either purchased Tamara's vehicle themselves and supplied it to Tamara or that they permitted Tamara to purchase and use the vehicle in question. Defendant Donald Peterson co-signed for the vehicle and supplied funds ultimately used to purchase the vehicle. His name appears on the certificate of title to the vehicle as co-owner. Because of her poor credit rating and limited financial resources, Tamara could not have obtained the vehicle without defendants' consent and signature or co-signature on several purchase documents, including the Colorado retail installment contract; the odometer mileage disclosure statement; the retail order for a motor vehicle; the seller's invoice; a Ford Motor Credit Company application; and the notice which explains indemnification of a debt.

Additionally, defendant Donald Peterson is identified as a co-borrower, for purposes of vehicle purchase, in an Omaha Financial Life Insurance Company certificate. He is listed as co-owner of the vehicle on the certificate of title, and, at least initially, the vehicle was insured under his automobile insurance policy.

Plaintiff brought suit against defendants to recover damages upon the theories of negligent entrustment of an automobile and the family car doctrine. The trial court granted defendants' motion for summary judgment as to both theories of recovery.

## I.

Plaintiff first contends that the trial court erred in granting defendants' motion for summary judgment on the negligent entrustment claim. We agree.

■ Summary judgment is proper only upon a clear showing that no genuine issue of material fact exists and that judgment should be entered as a matter of law. C.R. C.P. 56(c). If reasonable persons might reach different conclusions or might draw different inferences from uncontroverted facts, then summary judgment should be denied. *Morland v. Durland Trust Co.,* 127 Colo. 5, 252 P.2d 98 (1952).

■ Even when undisputed evidence is before the court, the party against whom a motion for summary judgment is made is entitled to all favorable inferences which may reasonably be drawn from the evidence. *Huydts v. Dixon,* 199 Colo. 260, 606 P.2d 1303 (Colo.1980). *See Wolther v. Schaarschmidt,* 738 P.2d 25 (Colo.App. 1986).

Negligent entrustment has been a viable claim for relief in Colorado since the case of *Hasegawa v. Day,* 684 P.2d 936 (Colo. App.1983). *See Baker v. Bratrsovsky,* 689 P.2d 722 (Colo.App.1984). To prevail under a negligent entrustment theory, a plaintiff must establish that: 1) A supplier permitted a third party to use a thing or engage in an activity 2) which is under the control of the supplier, and 3) the supplier gave such permission either knowing or having reason to know that the third party intended or was likely to use the thing in such a manner as to create an unreasonable risk of harm to others. *Hasegawa v. Day, supra;* Restatement (Second) of Torts § 308 (1965).

Here, as to the first element, the record contains evidence which could lead a reasonable person to conclude that defendants supplied the vehicle to Tamara and made it possible for her to use it. A reasonable person could further conclude that the vehicle was under defendants' control, which satisfies the second element of negligent entrustment. To meet the control element, plaintiff must demonstrate that the third party was entitled to possess or use the thing only by the consent of the entrusting party. *See* Restatement (Second) of Torts § 308 comment a (1965).

As previously noted, Tamara's credit status was such that she would not have been able to purchase the vehicle without defendants' assistance, and without defendants'

consent, signature or co-signature and assistance with insurance.

In this regard, we have previously held in *Hasegawa* that, in addition to the mandate of the Department of Institutions there that the child's parents had day-to-day control over the child, parental control over funds which were used by the child to acquire an automobile could reasonably permit the conclusion that the parents permitted the child to use the automobile, and that it was under the control of the parents even though only the son's name was on the certificate of title. *Hasegawa v. Day, supra. See also McCart v. Muir,* 230 Kan. 618, 641 P.2d 384 (1982) (son was under his father's control where father was co-signer on the vehicle finance papers, and was co-owner on certificate of title). Similar facts in this case raise material issues concerning whether the vehicle was under defendants' control at the time of entrustment.

■ Defendants, however, contend, citing *Hilberg v. F.W. Woolworth Co.,* 761 P.2d 236 (Colo.App.1988), that to establish "control," plaintiff must show that the supplier maintained some ability to control the user or manner of use subsequent to the entrustment. We disagree and instead hold that the control element may be satisfied upon a showing that control existed at the time of the entrustment if that entrustment was negligent at that time, and during the duration of the entrustment.

Neither *Hasegawa* nor the Restatement sections involving negligent entrustment require that at the time of the entrustee's negligent act there be proof that the entrustor had control. *See Pugmire Lincoln Mercury, Inc. v. Sorrells,* 142 Ga.App. 444, 236 S.E.2d 113 (1977); Restatement (Second) of Torts §§ 308 & 309 (1965). A significant body of case law from other jurisdictions is in accord. *See Huggins v. Tri–County Bonding Co.,* 337 S.E.2d 12 (W.Va. 1985) (the critical element of a negligent entrustment cause of action is the initial supplying of the vehicle to a person likely to cause an unreasonable risk of harm to others); *McCarson v. Foreman,* 102 N.M. 151, 692 P.2d 537 (N.M.App.1984) (it is negligent when entrustment was made if it creates an appreciable risk of harm); *McCart v. Muir, supra* (negligent entrustment is based on the initial negligence of the entrustor in supplying the chattel); *Upland Mutual Insurance, Inc. v. Noel,* 214 Kan. 145, 519 P.2d 737 (1974); *Republic Vanguard Insurance Co. v. Buehl,* 295 Minn. 327, 204 N.W.2d 426 (1973); *Government Employees Insurance Co. v. Chahalis,* 72 Misc.2d 207, 338 N.Y.S.2d 348 (1972); *Abraham v. S.E. Onorato Garages,* 50 Haw. 628, 446 P.2d 821 (1968).

However, if the entrustment continues over a period of time, as a necessary element of that entrustment, it must be demonstrated that control was also continuing.

■ The final element of negligent entrustment requires plaintiff to demonstrate that defendant knew or had reason to know that the third party intended, or was likely, to use the vehicle in such a manner as to create an unreasonable risk of harm to others. *Hasegawa v. Day, supra.* Defendants, in effect, have conceded this element.

The uncontroverted evidence establishes that at the time they assisted in purchasing the vehicle, defendants were fully aware of their daughter's record of traffic offenses, her history of alcohol abuse, and her previous arrest for driving while under the influence.

Thus, we conclude that genuine issues of material fact exist as to negligent entrustment. Summary judgment was, therefore, improperly granted relative to the claim premised on that theory of recovery.

## II.

Plaintiff next contends that summary judgment was improperly granted as to the claim based on the family car doctrine. We disagree.

■ To establish liability here under the family car doctrine, the plaintiff must establish, *inter alia,* that one of the defendants was the head of the daughter's household and that the vehicle was used by the daughter as a member of that household. *Hasegawa v. Day, supra; Boyd v.*

*Close,* 82 Colo. 150, 257 P. 1079 (1927); *see* CJI–Civ.2d 11:15 (1980).

For purposes of this theory of recovery, a "household" is defined as "those who dwell under the same roof and compose a family." *Hasegawa v. Day, supra.*

■ Here, Tamara had been living outside the defendants' home and largely supporting herself for approximately seven years. Moreover, it is undisputed that at the time of the accident she maintained a separate address. Although Tamara occasionally spent time at her parents' home, those occasions were on visits, were infrequent, and were of short duration—several days at most.

As have other courts before us, we decline to extend the family car doctrine so as to discourage desirable contact between family members who have otherwise severed the fictitious agency relationship upon which the doctrine is premised. *See Herman v. Magnuson,* 277 N.W.2d 445 (N.D. 1979).

Accordingly, since the record demonstrates that, as a matter of law, Tamara was no longer a member of defendants' household and that neither of them was the head of her household for purposes of the family car doctrine, the trial court properly entered summary judgment for defendants on this theory of recovery.

The judgment is affirmed as to the claim premised on the family car doctrine; it is reversed as to the claim premised on negligent entrustment, and the cause is remanded for further proceedings on that claim.

STERNBERG and NEY, JJ., concur.