Susan CASEBOLT, as Mother and Next Friend of Lauren Casebolt and Lindsey Casebolt; and Susan Casebolt, Individually, Plaintiffs–Appellants,

v.

William COWAN, Individually, and Milco Construction Company, Defendants–Appellees.

No. 89CA1920.

Colorado Court of Appeals, Div. C.

Nov. 23, 1990.

Rehearing Denied Jan. 3, 1991.

Certiorari Granted May 6, 1991.

Law Offices of Robert A. Weinberger, P.C., Robert A. Weinberger, Debra Seeley, Denver, for plaintiffs-appellants.

Johnson, Oldham & Angell, P.C., Richard Lee Angell, Denver, for defendants-appellees.

Opinion by Judge RULAND.

Plaintiff, Susan Casebolt, individually and as next friend for Lauren Casebolt and Lindsey Casebolt, appeals from a summary judgment dismissing her claims against defendants, William Cowan and Milco Construction Company, for the death of her husband. We affirm.

Cowan was the president and owned all of the outstanding stock of Milco Construction Company, now defunct. At the time of his death, the decedent was employed by Milco as a cement finisher, and Milco was then involved in a construction project in Idaho Springs.

On the day before his death, the decedent requested and received permission from Cowan to use Cowan's car to travel to the job site from Denver. The next day, the decedent arrived for work at the scheduled time and the project was completed by noon. Immediately after finishing the job, Cowan, the decedent, and other employees of Milco each consumed one beer furnished by the project owner.

Cowan, the decedent, and the employees then met for lunch at a restaurant. One pitcher of beer was consumed before and during the meal which Cowan equated to approximately one beer for each individual. The decedent and the employees decided to have an additional beer following lunch and were seated at the bar when Cowan left at approximately 1:00 p.m.

According to an uncontroverted affidavit by a waitress at the restaurant, the decedent returned to the restaurant at approximately 5:00 p.m. and did not appear to be intoxicated. The decedent's whereabouts from that time until 6:30 p.m. are unknown.

At approximately 6:30 p.m. the decedent left Idaho Springs in Cowan's vehicle and was headed eastbound in the westbound lanes of I–70 when he became involved in a collision which caused the fatal injuries. The decedent had a substantial blood alcohol content at the time of the accident.

In his deposition, Cowan acknowledged that he attended a party in 1986, which was also attended by the decedent and a number of other employees of Milco. At that party, the decedent consumed a substantial amount of beer and became combative with other patrons at a bar. Later, the decedent became involved in a fight with another employee which was apparently prompted by alcohol consumption.

According to an uncontroverted affidavit by a former Milco employee, Cowan discussed the decedent's drinking with this employee after the 1986 incident. Cowan acknowledged that the decedent suffered a personality change even after consuming a small amount of alcohol, and he instructed certain employees not to take the decedent drinking because he drank excessively and became uncontrollable.

In her complaint, plaintiff alleged that Cowan and Milco were liable under the doctrine of negligent entrustment. The trial court disagreed, concluding that Cowan had no legal duty to protect the decedent from the voluntary consumption of alcohol. The trial court also concluded that even if such a duty were imposed, as a matter of law, the comparative negligence of the decedent exceeded any negligence of Cowan.

Plaintiff contends that the trial court's legal conclusions are incorrect. We affirm the trial court's decision as to the negligent entrustment doctrine. We need not address the issue of comparative negligence.

■ The tort of negligent entrustment has been applied in Colorado only in situations in which an actor entrusts some instrumentality to a third person when the actor knows or should know that the third person may injure *others.* *See Hasegawa v. Day,* 684 P.2d 936 (Colo.App.1983); *Butcher v. Cordova,* 728 P.2d 388 (Colo. App.1986). Plaintiff seeks in this case to extend the scope of this tort to impose upon the actor a duty to exercise control at any time after the original entrustment of a motor vehicle, if there is any basis upon which to infer that some harm may occur at some later time to the entrustee. We decline to do so under the facts of this case.

■ The determination of whether a particular defendant owes a duty of care to a particular plaintiff is a question of law. *University of Denver v. Whitlock,* 744 P.2d 54 (Colo.1987). A duty to protect one who voluntarily consumes alcohol and suffers injuries in an automobile accident has been imposed in this jurisdiction in situations in which a tavern owner furnishes alcohol to one who is visibly intoxicated. *See Lyons v. Nasby,* 770 P.2d 1250 (Colo. 1989) (The rule in *Lyons* has been modified by statute. *See* § 12–46–112.5 and § 12–47–128.5, C.R.S. (1990 Cum.Supp.)).

Here, Cowan did not furnish the alcohol that ultimately intoxicated the decedent. Also, Cowan did not observe the decedent when he was visibly intoxicated. Finally, Cowan was not in a position to exercise control at the time decedent became intoxicated. Thus, we find no basis to impose any duty upon Cowan.

The judgment is affirmed.

HUME and ROTHENBERG, JJ., concur.