Dan PAYBERG, individually and as Personal Representative of the Estate of Sage M. Roedl and Tracy V. Roedl, individually, Plaintiffs–Appellants,

v.

Barbara HARRIS and Elliott Harris, Defendants–Appellees.

No. 95CA0802.

Colorado Court of Appeals, Div. II.

Nov. 29, 1996.

Rehearing Denied Dec. 27, 1996.

Freeman & Jenner, P.C., Martin H. Freeman, Aspen, Calista L. Pierce, Aspen, for Plaintiffs–Appellants.

Hugh D. Wise, III, Aspen, for Defendants–Appellees.

Opinion by Judge PLANK.

Plaintiffs, Dan Payberg, individually and as personal representative of the estate of Sage M. Roedl, and Tracy V. Roedl, appeal the summary judgment entered in favor of defendants, Barbara Harris and Elliott Harris, on their claims of negligent entrustment. We affirm.

Plaintiffs' daughter, Sage M. Roedl, was killed when she was struck by a bullet while riding as a passenger in a car. The bullet was fired from a rifle owned by Calvin Young. Young, who was intoxicated at the time, was attempting to shoot the tire of the car in which Roedl was riding. Young was found guilty of manslaughter in the death of Roedl.

Defendants are the mother and stepfather of Young, who is an emancipated adult. Approximately one week before Roedl's death, at Young's request, defendants delivered the rifle from which the fatal shot was fired to Young in Glenwood Springs, Colorado. Prior to this time, defendants had been storing the rifle for Young at their home in Denver.

In essence, plaintiffs' claims against defendants alleged that they were negligent in delivering the rifle to Young in light of their knowledge of his history of alcohol and drug abuse. In response to these allegations, defendants filed a motion for summary judgment in which they argued that no claim for negligent entrustment was sustainable against them because Young owned the rifle, they had no knowledge of Young's substance

abuse problems, and they owed no duty to Roedl.

In order to defeat defendants' motion for summary judgment, plaintiffs cited to four items of evidence that purportedly raised at least a factual issue as to whether defendants knew of Young's substance abuse problems.

The trial court granted the defendants' motion for summary judgment, ruling that the defendants owed no duty to Roedl under the circumstances here present and that they were not negligent in delivering the rifle to Young.

## I.

■ Plaintiffs first argue that defendants had control over the rifle despite the fact that it was owned by Young. We disagree.

The theory of negligent entrustment as recognized in Colorado is largely derived from Restatement (Second) of Torts § 308 (1965), which states as follows:

> It is negligence to permit a third person to use a thing or to engage in an activity which is under the control of the actor, if the actor knows or should know that such person intends or is likely to use the thing or conduct himself in such a manner so as to create an unreasonable risk of harm to others.

*See Casebolt v. Cowan,* 829 P.2d 352 (Colo. 1992).

Plaintiffs concede that defendants had possession of the rifle pursuant to a bailment only. Nonetheless, they argue that this relationship conferred sufficient control of the rifle upon defendants so as to render them liable under the theory of negligent entrustment.

In support of their argument on the issue of defendants' control over the rifle, plaintiffs cite *Hasegawa v. Day,* 684 P.2d 936 (Colo. App.1983), wherein it was held that the parents of an owner of a car could be held liable for having negligently entrusted the car to him. We conclude, however, that *Hasegawa* is factually distinguishable from the present case. In particular, the parents in *Hasegawa* had expressly assumed the responsibility of controlling their son's daily activities as a

condition for his release from the custody of the Colorado Department of Institutions. Since no analogous situation is present here, that ruling is inapposite to plaintiffs' position.

■ The creation of a bailment requires that possession and control over the subject property pass to the bailee. However, a bailment also entails an underlying contract that the subject property will be returned or accounted for when the bailor reclaims it. *Christensen v. Hoover,* 643 P.2d 525 (Colo. 1982). Thus, the bailee's right to control the property is subject to the rights of the bailor.

■ In recognition of a bailor's superior rights to the subject property, decisions from other jurisdictions have recognized that a bailee cannot be held liable for turning over a bailor's property to him or her under the theory of negligent entrustment. *See Todd v. Dow,* 19 Cal.App.4th 253, 23 Cal.Rptr.2d 490 (1993) (parents not liable for negligent entrustment in turning rifle over to son who owned it); *Sampson v. W.F. Enterprises, Inc.,* 611 S.W.2d 333 (Mo.App.1980) (owner of car dealership not liable for negligent entrustment in turning car over to intoxicated owner); *Mills v. Continental Parking Corp.,* 86 Nev. 724, 475 P.2d 673 (1970)(parking lot operator not negligent for negligent entrustment in turning car over to intoxicated owner); *Wiggins v. Hughes Tool Co.,* 87 Nev. 190, 484 P.2d 566 (1971) (owner of airport not liable for negligent entrustment in allowing takeoff by intoxicated airplane owner).

Because Young was living a distance away, plaintiffs assert that defendants had a duty to deliver the rifle only if Young appeared at defendants' home and requested it. We reject the assertion that the voluntary transportation of the rifle to Young at a distant location establishes negligent entrustment. We perceive no material difference in our analysis because of the place of delivery. Accordingly, defendants cannot be held liable to plaintiffs for negligently entrusting Young's own rifle to him.

## II.

■ Plaintiffs also argue that defendants, being in possession of a dangerous instrumentality, owed a duty to third persons to

protect them from an unreasonable risk of harm. We recognize that the principle of duty is applicable to the theory of negligent entrustment. *See Casebolt v. Cowan, supra.* Nonetheless, we decline to address this issue because we have already concluded that defendants, as bailees, did not have unrestricted control over the rifle and that plaintiffs thus failed to satisfy an essential element of negligent entrustment.

### III.

Finally, plaintiffs argue that defendants knew or should have known that it was likely that Young would use the rifle in such a manner so as to put third persons at an unreasonable risk of harm. Once again, however, because of our rejection of plaintiffs' leading argument on appeal, we decline to address this issue.

The judgment is affirmed.

NEY and MARQUEZ, JJ., concur.