No. C-263

Titan Construction Company, a Colorado corporation v. James G. Nolf, The Industrial Commission of Colorado, Phoenix Assurance Company of New York and Stephen Dach

(515 P.2d 1123)

Decided November 12, 1973.

190

Zarlengo, Mott and Carlin, John C. Mott, for petitioner Titan Construction Company.

Montgomery, Little, Young & Ogilvie, P.C., Robert R. Montgomery, for respondent Phoenix Assurance Company of New York.

*En Banc.*

MR. JUSTICE GROVES delivered the opinion of the Court.

This case is before us on certiorari to the Court of Appeals opinion in 31 Colo. App. 21, 500 P.2d 377. We reverse. The material facts being without dispute, we can make disposition as a matter of law. In doing so we follow a path not followed by the trial court and come to an opposite conclusion as to two of the rulings of the Court of Appeals.

The respondent Nolf was a driver for a ready-mix concrete firm, which was furnishing cement or grout to the petitioner (Titan) for use in building construction. At the time of the accident here under consideration, the grout was being poured near the top of the building. The operation involved emptying the grout through a chute from the ready-mix truck into the hopper of a pump, with the grout being pumped through a hose up to the pouring site. The hose was

guided by ropes. The pumping facilities were furnished by Titan, and Nolf and his employer had no responsibility in the delivery process beyond discharge of the grout from the truck to the hopper.

The capacity of the hopper was considerably less than the truck. After filling the hopper, Nolf would stand by until the hopper was empty and then refill it. It was during one of these interim waiting periods that a cinder block or brick was knocked from the top of the building by the hose or rope, striking Nolf on the head and causing injuries.

Nolf and the Industrial Commission sued Titan who brought in respondent Phoenix Assurance Company (Phoenix) as a third-party defendant. Phoenix was the automobile liability carrier of the ready-mix firm. The jury returned a verdict in favor of Nolf and against Titan for $35,000, and judgment was so entered. The issue was and is whether Phoenix was liable for the payment of the judgment.

The policy provides that the

" 'insured' . . . includes any person while using an owned automobile or a hired automobile and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is by the named insured or with his permission . . . ."

The policy further provides that Phoenix will pay on behalf of the insured all sums which the insured shall become legally obligated to pay because of bodily injury "caused by accident and arising out of . . . use of any automobile." The policy states, "Use of an automobile includes the loading and unloading thereof."

## I.

The trial court granted Phoenix' motion for a directed verdict on the ground that the "employee exclusion" clause in its policy removed Titan from coverage. The Court of Appeals reversed as to this point for the reason that Nolf was not a general employee of Titan. No complaint as to this ruling has been made to us. We have given no consideration to it and express no opinion in this respect.

## II.

■ The only argument involving workmen's compensation laws results from the position of Phoenix that Nolf is in effect suing his own employer and, therefore, is barred under *Hilzer v. MacDonald,* 169 Colo. 230, 454 P.2d 928 (1969).

In *Hilzer,* the plaintiff brought suit against the defendants (not parties to the employment) whom he claimed were negligent and therefore liable for the injuries received by him in the accident. The defendants then joined the plaintiff's employer as a third-party defendant, alleging that the employer, as the person primarily negligent with respect to the accident, was obligated to indemnify defendants for any loss they might sustain with respect to the claims of the plaintiff. We held that the workmen's compensation laws not only preclude an employee suing his own employer for damages, but also preclude a third person from seeking indemnity from that employer with respect to the same accident. For that reason this Court upheld the trial court's dismissal of the third-party complaint. Here, no one is claiming that the ready-mix firm is any way responsible for Nolf's injuries. *Hilzer,* therefore, is not applicable and the Phoenix position is not correct.

## III.

The Court of Appeals addressed itself to two further questions — (1) the unloading doctrines, and (2) the causative relationship — ruling in Phoenix' favor on each.

Before we discuss the unloading doctrines, it should be mentioned that no question is raised as to Titan being an "insured" in the event that the accident happened during "unloading." The Court of Appeals stated in its opinion:

"Because of the undisputed facts Titan was an additional or omnibus insured under the Phoenix policy and, as such, entitled to all the protection afforded by the policy while the truck was in the process of unloading."

No question as to this ruling has been raised here.

■ As we mentioned in *Northwestern Engineering Company v. Rooks,* 166 Colo. 297, 443 P.2d 977 (1968), there are two unloading doctrines: that of "coming to rest" and

that of "complete operation." Under the "coming to rest" doctrine, "unloading" comprises only the actual removing or lifting of the article from the loaded vehicle to the moment when it again comes to rest. The "complete operation" doctrine embraces the entire process involved in the movement of goods from the time they are given into the insured's possession until the insured has completed delivery thereof. Titan contends that we should apply the "complete operation" doctrine and thereby have the truck in "use" at the time the truck and Nolf were standing by.

We in *Rooks, supra,* and the Court of Appeals here (at least expressly), never reached a determination as to which doctrine should be applied in Colorado. As was the case in *United States Fidelity & G. Co. v. Hartford Acc. & I. Co.,* 209 Va. 552, 165 S.E.2d 404 (1969), the Court of Appeals concluded "that, as a matter of law, the unloading was completed when the cement came to rest in the hopper," even though further cement was to be unloaded from the truck. We reverse this determination.

We place significance upon the fact that of a necessity Nolf and the truck had to remain at the job site until the unloading of the truck was completed. This causes us to be inclined to conclude that, so far as the policy provisions are concerned, it is immaterial whether Nolf was injured when grout was being poured into the hopper or in an interval between such operations; and this conclusion would be reached under either doctrine of unloading.

We go further, however, and hold that the "complete operation" doctrine is the law in Colorado and that, therefore, the unloading had not ceased at the time of the accident. *Continental Casualty Co. v. Fireman's Fund Insurance Co.,* 403 F.2d 291 (10th Cir. 1968); *McCloskey and Company v. Allstate Insurance Co.,* 358 F.2d 544 (D.C. Cir. 1966); and *Lamberti v. Anaco Equipment Corp.,* 16 App. Div. 2d 121, 226 N.Y.S.2d 70 (1962).

IV.

We regard as a much closer question the matter of whether there was a sufficient causal relationship between the

discharge of the truck and the injury to Nolf. The Court of Appeals held that there was not.

It is to be noted initially that we are not dealing with tort rules of proximate cause. Rather, we are here concerned with causation in the field of contracts.

"The question is not one in the field of torts of proximate cause of the accident, but one in the field of contracts of coverage under the wording of an insurance contract. While there must be a causal relationship between the insured use, that is unloading, and the accident, the question is not whether the insured truck was the cause of the accident." *St. Paul Mercury Ins. Co. v. Huitt,* 336 F.2d 37 (6th Cir. 1964).

There are two lines of authority. One we shall call the "actual use" doctrine. This is illustrated by the following statement of Justice Gordon in *United States Fidelity & G. Co. v. Hartford Acc. & I. Co., supra:*

"But the Hartford policy afforded coverage only if the accident *arose out of* the use of the ready-mix truck. And the use of the crane, not the use of the truck, caused the accident. Any connection between the truck and the accident was remote. So I concur in affirming the judgment, but solely on the ground that the accident did not arise out of the use of the truck."

*See Clark v. Travelers Indemnity Co.,* 313 F.2d 160 (7th Cir. 1963).

We have concluded that the better rule in this situation should not be as limited as the "actual use" doctrine, but rather that we should adopt the so-called "but for" test of causation. Subject to the qualification mentioned in the next paragraph, the "but for" test is satisfied if the accident would not have occurred except for the unloading of the insured vehicle. *Continental Casualty Co. v. Fireman's Fund Insurance Co.,* 403 F.2d 291 (10th Cir. 1968); and *Johnson, Drake and Piper, Inc. v. Liberty Mutual Insurance Co.,* 258 F. Supp. 603 (D. Minn. 1966). In *Continental Casualty Co., supra,* it was stated:

"The doctrinal dichotomy is significant, however, because of the different degree of causal relation which is required under

the respective tests before the 'unloading-loading' clause will be applicable and liability imposed on the carrier. Those jurisdictions which construe the clause narrowly require that the loading or unloading be the efficient, predominating or even proximate cause of the accident before coverage will be recognized. However, those jurisdictions which espouse the broader theory often require only 'the most minimal "but for" relationship.' "

We do not hold that the "but for" doctrine should apply when there is a lack of relationship between the truck and the accident. We suppose that, at least until further cases are determined by the Court of Appeals and this court, or until some further demonstration is made to us, the sufficiency of the causative relationship must be made on an *ad hoc* basis. We hold that there was a sufficient relationship here.

The judgment of the Court of Appeals is reversed and the cause remanded to it for further remand consonant with the views expressed herein.

MR. JUSTICE HODGES does not participate.