ALLIED MUTUAL INSURANCE COM-
PANY, an Iowa corporation,
Plaintiff–Appellee,

v.

HOME INSURANCE COMPANY, a New
Hampshire corporation,
Defendant–Appellant.

No. 89CA0364.

Colorado Court of Appeals,
Div. I.

March 15, 1990.

As Modified on Denial of Rehearing
May 10, 1990.

Certiorari Denied Sept. 24, 1990.

Burg & Eldredge, P.C., Peter W. Burg and Janet R. Spies, Denver, for plaintiff-appellee.

Watson, Nathan & Bremer, P.C., Michael P. Zimmerman, Denver, for defendant-appellant.

Opinion by Judge STERNBERG.

In this action concerning a coverage dispute between Allied Mutual Insurance Coverage and Home Insurance Company, appeal is taken from a declaratory judgment assigning primary coverage to Home. We reverse.

Home provided business automobile insurance coverage for cement trucks operated by Walter Flanagan & Company and its employees. Allied Mutual Insurance Company provided general business liability insurance to Welko Concrete, a concrete finishing company. One of Flanagan's drivers delivered a load of concrete to a construction site on which Welko was working. An employee of Welko, as he had done many times before, proceeded to assist Flanagan's driver in unfolding the unloading chute attached to the concrete truck. While so doing, one hand of Flanagan's driver was injured.

Flanagan's driver sued both Welko and its employee for damages. Thereafter, Allied filed a declaratory judgment action seeking a determination of the rights, duties, and liabilities of both insurance companies. Both companies moved for summary judgment.

The trial court ruled in Allied's favor, reasoning that, because the action had occurred during the use of the cement truck and because Welko's employee was a permissive user of the truck, Home, as insurer of the truck, would be primarily responsible for defending Welko and its employee from the suit by Flanagan's driver. The court also ruled that Allied's policy provided secondary coverage.

Home's contention in the trial court and on appeal is that Welko's employee could not be covered under the Home policy under the definition of the term "insured" contained in its policy. In defining "who is insured," Home's policy states:

"1. You are an insured for any covered auto.

"2. Anyone else is an insured while using with your permission a covered auto you own, hire or borrow *except:*

. . . .

"(c) Anyone *other than your employees,* a lessee or borrower, or any of their employees, *while moving property to or from a covered auto.*" (emphasis supplied)

Home contends that Welko's employee was not an employee, or a lessee, or borrower of the truck. We agree with this contention.

■ Unless there is an ambiguity in the terms of a policy, a court should avoid strained interpretations and enforce an insurance contract as written. *Republic Insurance Co. v. Jernigan,* 753 P.2d 229 (Colo.1988).

■ The record reflects that Welko's employee was not an employee of the named insured, *i.e.,* Flanagan, and that neither he nor his employer, had leased or borrowed the cement truck. Furthermore, the actions of Welko's employee in helping Flanagan's driver unfold the unloading chute did not constitute "moving property to or from" the truck.

Allied argues that this is a "loading and unloading" case and that *Titan Construction Co. v. Nolf,* 183 Colo. 188, 515 P.2d 1123 (1973) requires that Home's liability coverage on the truck be primary because Welko's employee was a permissive user of that vehicle. We disagree. While the facts of the *Titan* case are quite similar to those present here, there are differences making that case distinguishable.

In *Titan,* the applicable policy language was different. It included "loading and unloading" as a covered risk under its policy, while in this case the Home policy specifically contains no such language.

Under the Home policy liability coverage is extended to one participating in loading and unloading activities if that person qualifies as an insured; thus, the *Titan* holding does not support Allied's position.

The judgment is reversed and the cause is remanded. There being no appeal of the holding that Allied's policy would cover this incident, on remand the court shall enter judgment in favor of Home, declaring Allied's policy to provide the coverage for this accident.

PIERCE and PLANK, JJ., concur.