Yong Ok LEE, Petitioner,

v.

Theresa BETTALE and Larry Narvaez, Respondents.

Jon LORENTZ and Donna Lorentz, individually and d/b/a Lorentz Trucking and J & B Trucking Company, Petitioners,

v.

Kay DISNER, Respondent.

Kathleen E. LILLEY, Petitioner,

v.

Rosalie A. ANDERSON, Respondent.

Nos. 91SC28, 91SC9, 91SC315.

Supreme Court of Colorado,
En Banc.

April 20, 1992.

James A. Corman, George D. Browning and Associates, Westminster, for petitioner in No. 91SC28.

Stephen E. Tinkler, Law Offices of Stephen E. Tinkler, Denver, for respondents in No. 91SC28.

Christian M. Lind, Christopher C. Felton, Wood, Ris & Hames, P.C., Denver, for petitioners in No. 91SC9.

Richard L. Kalamaya, Longmont, C. Bert Dempsey, Louisville, for respondent in No. 91SC9.

Neil C. Bruce, Retherford, Mullen, Rector & Johnson, Colorado Springs, for petitioner in No. 91SC315.

Jon R. Sell, Colorado Springs, for respondent in No. 91SC315.

Justice MULLARKEY delivered the Opinion of the court.

We granted certiorari and consolidated these three cases to determine which stat-

ute of limitations applies to personal injury negligence actions arising from motor vehicle accidents and when the statute of limitations begins to run. In all three cases, the court of appeals held that the three-year statute of limitations under section 13–80–101(1)(j), 6A C.R.S. (1987), is applicable to such cases, declining to reach the second issue. We now affirm the court of appeals' decisions in light of *Jones v. Cox*, 828 P.2d 218 (Colo.1992).

## I.

The facts of each case are set out in three separate parts below.

## A.

The first case we address is that of *Lee v. Bettale and Narvaez*, No. 91SC28. Theresa Bettale and Larry Narvaez filed this action against Yong Ok Lee on June 26, 1989 for injuries incurred in an automobile accident that occurred on February 6, 1987. The briefs indicate that all parties were insured. In addition, Lee asserts that it is undisputed that the plaintiffs were aware of their injuries and the fact that those injuries were caused by the accident on the date of the accident. The plaintiffs do not argue to the contrary.

The trial court dismissed the action on the grounds that the plaintiffs had failed to comply with the two-year statute of limitations of section 13–80–102(1)(a), 6A C.R.S. (1987), which began to run on the date of the accident. The court of appeals, following its holding in *Cox v. Jones*, 802 P.2d 1125 (Colo.App.1990), held that the three-year statute of limitations of section 13–80–101(1)(j) was applicable and that the action was not barred because it was filed within three years of the date of the accident.

## B.

Second, we address the case of *Lorentz, Lorentz and Lorentz Trucking and J & B Trucking Co. v. Disner*, No. 91SC9. This case involved a personal injury action arising out of an automobile accident which occurred on March 30, 1987. The action was filed by Kay Disner on August 22,

1989. The briefs indicate that all parties were insured. Disner does not dispute that she knew of her injury and its cause on the date of the accident.

The trial court dismissed the plaintiff's complaint on the grounds that she had failed to comply with the two-year statute of limitations which began to run on the date of the accident. The court of appeals again applied its decision in *Cox*, concluding that Disner had properly filed her complaint within three years of the date of the accident.

## C.

The facts of *Lilley v. Anderson*, No. 91SC315 are as follows. On November 28, 1988, Rosalie Anderson filed a negligence action against Kathleen Lilley to recover for injuries incurred in an automobile accident which occurred on November 7, 1986. The briefs indicate that both parties were insured. The trial court concluded that it was undisputed that Anderson knew of her injuries and their cause on the date of the accident. Anderson does not now protest that finding.

The trial court dismissed the complaint, concluding that it had not been filed within the two-year statute of limitations. On appeal, the court of appeals concluded that, under *Cox*, the action was timely filed because it was commenced within three years of the date of the accident.

## II.

Our decision in *Jones v. Cox* is dispositive. In that case, we held that the three-year statute of limitations of section 13–80–101(1)(j) applies to personal injury actions filed by an insured motorist against the insured motorist of the other vehicle involved in an automobile accident and that the statute of limitations begins to run from the date the plaintiff knows or should know, by the exercise of reasonable diligence, of the physical injury and its cause. The court of appeals, therefore, properly determined that the limitations period did

not bar the actions in these three cases. Accordingly, we affirm.

ROVIRA, C.J., dissents.

Chief Justice ROVIRA dissenting:

For the reasons set out in my dissent in *Jones v. Cox*, 828 P.2d 218 (Colo.1992), I dissent to that part of the court's opinion which holds that the three-year statute of limitations of section 13–80–101(1)(j), 6A C.R.S. (1987), applies to personal injury actions filed by an insured motorist against the insured motorist of the other vehicle involved in an automobile accident.