**TRUCK INSURANCE EXCHANGE,**
**Plaintiff–Appellee,**

**v.**

**The HOME INSURANCE COMPANY,**
**Defendant–Appellant.**

No. 91CA1112.

Colorado Court of Appeals,
Div. II.

June 4, 1992.

Rehearing Denied July 2, 1992.

Certiorari Denied Dec. 1, 1992.

Anderson, Campbell and Laugesen, P.C., Franklin D. Patterson, Charles A. Madison, Denver, for plaintiff-appellee.

Wood, Ris & Hames, P.C., Jeffrey Clay Ruebel, Mary E. Gibbons, Denver, for defendant-appellant.

Opinion by Judge TURSI.

Defendant, Home Insurance Company, (Home) the business automobile liability insurance carrier for Dixie Petrochemical Co., appeals a summary judgment entered in favor of plaintiff, Truck Insurance Exchange, (Truck) comprehensive general liability carrier for Golden Aluminum Co. In that judgment, the district court found Home to be primarily liable for coverage of injuries sustained by an employee of Dixie as a result of Golden's negligence during the loading of a Dixie truck. We affirm.

The driver of the Dixie truck was injured while acting within the course and scope of his employment. When the accident occurred, the driver was standing on the bed of a Dixie truck upon which a metal cylinder containing chlorine gas was being loaded at the Golden plant. The cylinder was attached by hooks to an independent loading mechanism owned by Golden and operated by Golden's employee. During the

loading process, the cylinder fell from the hooks onto the bed of the truck. The driver jumped to the ground to avoid being struck and suffered injuries in doing so. Part of his injuries were sustained when a truck railing which had been removed and propped against the truck fell over and struck his lower back.

The driver received workers' compensation benefits and then filed suit against Golden for the negligence of its employees. Truck provided a defense to Golden, but sought primary coverage from Home on the ground that driver's injuries arose out of the ownership or use of a vehicle owned by Home's insured. Home denied that its insurance coverage extended to Golden and, therefore, declined to provide either coverage or a defense.

Upon jury trial of his negligence action, the driver was awarded $247,150. Truck satisfied this judgment on behalf of Golden and then brought this action seeking indemnification from Home for the amount of the judgment, interest, attorney fees, and costs.

Home contended that it is not liable for primary coverage or driver's claims because (1) the policy language did not include Golden as an insured and (2) it excluded any bodily injuries resulting from the movement of property by a mechanical device not attached to the covered vehicle. Alternatively, it contended that the driver's injuries did not arise out of the use of a motor vehicle, thereby defeating compulsory coverage.

Ruling on cross-motions for summary judgment presented on stipulated facts, the trial court entered judgment in favor of Truck. It specifically held that the driver's injuries arose out of the use of the motor vehicle and that the exclusions in Home's policy were in derogation of the Colorado Automobile Accident Reparation Act and were, therefore, invalid.

## I.

Home first contends that the trial court erroneously found that Golden and its employees are insureds under its business automobile liability policy. We disagree.

The Colorado Automobile Accident Reparations Act (Act) mandating compulsory no-fault insurance also requires "registrants of motor vehicles in this state to procure insurance covering legal liability arising out of ownership or use of such vehicles and also providing benefits to persons ... injured in accidents involving such vehicles." Section 10–4–702, C.R.S. (1987 Repl. Vol. 10A); *see Leland v. Travelers Indemnity Co.*, 712 P.2d 1060 (Colo.App.1985).

Under § 10–4–706(1), C.R.S. (1991 Cum. Supp.), an owner of a motor vehicle must comply with the Act by providing statutorily-mandated minimum coverages which are subject only to limitations and exclusions specifically authorized by the Act.

The statutory classification of persons to whom this coverage must extend is codified at § 10-4-703(6), C.R.S. (1987 Repl.Vol. 4A), which provides:

> Insured means the named insured, relatives of the named insured who reside in the same household as the named insured, *or any person using the described motor vehicle with the permission of the named insured.* (emphasis supplied)

The provisions of the Act are included as part of every automobile insurance policy and govern in any conflict between a policy and the Act. *Allstate Insurance Co. v. Allen*, 797 P.2d 46 (Colo.1990).

Although insurers may exclude risks or limit coverage so long as public policy is not violated, *Chacon v. American Family Mutual Insurance Co.*, 788 P.2d 748 (Colo.1990), insurance policy provisions which attempt to dilute, restrict, or condition coverages required by the Act are void and invalid. *Meyer v. State Farm Mutual Automobile Insurance Co.*, 689 P.2d 585 (Colo.1984); *Murphy v. Dairyland Insurance Co.*, 747 P.2d 691 (Colo.App.1987).

Based on its policy, Home contends that Golden and its employees are excluded from coverage as insureds since they were moving property to and from the vehicle. The provision defining insureds, upon which Home relies, provides that:

Anyone else is an insured while using with your permission a covered auto you own, hire or borrow *except* ... [a]nyone other than your employees, a lessee or borrower or any of their employees, while moving property to or from a covered auto. (emphasis supplied)

The trial court held that this exclusion improperly narrows the class of insureds to whom Home is required by the Act to provide coverage. We agree.

It is undisputed that the driver's injuries occurred when cylinders of chlorine were being loaded onto the truck, that Golden employees were loading the cylinders onto the truck, and that they had permission to use the truck during the loading process. Therefore, if the Golden employees were using the truck with permission, they are insureds under the Act to whom Home is obligated to provide coverage.

Here, Home's policy provides loading and unloading coverage, thereby expanding the coverage intended by the word "use". *See Colorado Farm Bureau Mutual Insurance Co. v. West American Insurance Co.,* 35 Colo.App. 380, 540 P.2d 1112 (1975). Because Golden employees were permissive users of the truck, they are entitled to qualify as insureds pursuant to the Act. Therefore, to the extent Home's policy exclusion attempts to limit the compulsory classification of insureds to whom defendant is obligated to provide coverage, it is contrary to the Act and invalid. *See Trinity Universal Insurance Co. v. Hall,* 690 P.2d 227 (Colo.1984); *Bukulmez v. Hertz Corp.,* 710 P.2d 1117 (Colo.App.1983), *aff'd in part sub nom. Blue Cross v. Bukulmez,* 736 P.2d 834 (Colo.1987).

Contrary to Home's contention, the Act does not permit optional exclusions limiting the scope of insureds to whom compulsory coverage must be provided.

■ The Act does spell out limited permissible exclusions by which an insurer may restrict or condition coverage. *See* § 10–4–712, C.R.S. (1991 Cum.Supp.) and § 10–4–721, C.R.S. (1987 Repl. Vol 4A). However, statutes which specify certain situations must be construed to exclude from its operation all other situations not specified. *See In re Marriage of Van Inwegen,* 757 P.2d 1118 (Colo.App.1988). Accordingly, because none of the enumerated exclusions apply here, we construe the Act to prohibit an exclusion which narrows the statutory classification of insured entitled to compulsory automobile liability coverage.

■ We also reject Home's contention that § 10–4–707(1), C.R.S. (1991 Cum. Supp.) limits the scope of mandatory insureds. This section applies only to insureds who are entitled to receive personal injury protection benefits. Hence, it is inapplicable here. *Cf. Milbank Mutual Insurance Co. v. Dairyland Insurance Co.,* 373 N.W.2d 888 (N.D.1985).

Finally, we agree with the trial court's conclusion that the holding in *Allied Mutual Insurance Co. v. Home Insurance Co.,* 797 P.2d 763 (Colo.App.1990) is not dispositive of this issue. In that case, we construed the identical "insured" clause to exclude from coverage those who are neither an employee, lessee, or borrower of the named insured who are not involved in the moving of property to or from an insured vehicle.

Our disposition of that case turned on our construction of an unambiguous policy provision and did not extend to the public policy issue whether the provision constitutes an improper limitation in derogation of the Act. Accordingly, it is not persuasive authority here. *See Littleton Education Ass'n v. Arapahoe County School District No. 6,* 191 Colo. 411, 553 P.2d 793 (1976).

## II.

■ Home next contends that, even if Golden is an insured for purposes of the Act, coverage is precluded since driver's injuries were incidental to, and did not arise out of, the use of the motor vehicle. We disagree.

The loading and unloading of the insured vehicle in this case constitutes a covered use which is not foreign to the inherent use of the insured vehicle. *See Colorado*

**358**

*Farm Bureau Mutual Insurance Co. v. West American Insurance Co., supra; Azar v. Employers Casualty Co.,* 178 Colo. 58, 495 P.2d 554 (1972).

 However, for an injury to "arise out of the use" of a motor vehicle, there must be a causal connection or relationship between the injury and the use of the vehicle which must show that the injury would not have occurred "but for a conceivable use of the vehicle that is not foreign to its inherent purpose." *Kohl v. Union Insurance Co.,* 731 P.2d 134 (Colo.1986); *see Titan Construction Co. v. Nolf,* 183 Colo. 188, 515 P.2d 1123 (1973); *Trinity Universal Insurance Co. v. Hall, supra.* It is sufficient if the claimants demonstrate that the injury originated in, grew out of, or flowed from a use of the vehicle. *Kohl v. Union Insurance Co., supra; State Farm Automobile Insurance Co. v. Cung La,* 819 P.2d 537 (Colo.App.1991).

Again, agreeing with the trial court, we conclude that the injuries sustained by the driver flowed from the loading of the truck. But for the loading of the cylinder onto the truck, the injuries would not have occurred. Thus, pursuant to § 10–4–706(1), C.R.S. (1991 Cum.Supp.), Home must provide liability coverage for the bodily injuries sustained from the accident.

### III.

 The automobile liability policy also contains an exclusion which precludes coverage for "[b]odily injury or property damage resulting from the movement of property by a mechanical device (other than a hand truck) not attached to the covered auto." Home contends that this policy exclusion operates to preclude coverage. We disagree.

Since we have determined that driver's injuries arose from a covered use of the truck, the Act mandates that Home provide compulsory coverage therefor. Accordingly, the exclusion is invalid inasmuch as it narrows the circumstances under which compulsory coverage applies. *Cf.*

*Williams–Diehl v. State Farm Fire & Casualty Co.,* 793 P.2d 587 (Colo.App.1989).

The judgment is affirmed.

STERNBERG, C.J., and SMITH, J., concur.