Stephen C. **BOYER**, Plaintiff–Appellant,

v.

**ITO PACKING COMPANY, a California corporation, Defendant–Appellee.**

No. 91CA1246.

Colorado Court of Appeals,
Div. I.

Aug. 27, 1992.

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const., art. VI, § 5(3), and § 24–51–1105, C.R.S. (1988 Repl.Vol. 10B).

Frederick P. Bibik, Arvada, for plaintiff-appellant.

Fowler, Schimberg & Cowman, P.C., Jeffrey J. Cowman, Denver, for defendant-appellee.

Opinion by Judge DAVIDSON.

In this negligence action, plaintiff, Stephen C. Boyer, appeals from the trial court's denial of his motion to amend his complaint to include a claim for relief against defendant, Ito Packing Company, Inc., under the Colorado Auto Accident Reparations Act, § 10–4–701, C.R.S. (1987 Repl.Vol. 4A) (No Fault Act). We affirm.

On June 26, 1988, Boyer was injured while positioning a semitrailer truck for unloading at a warehouse dock. The injury occurred when, as Boyer began to open the trailer doors from the outside, the doors suddenly opened wide and struck him. This forceful opening was allegedly caused by a shifting of the interior load that had occurred while the truck was in transit.

On June 25, 1990, Boyer brought a negligence action against the owner of the truck and, as pertinent here, against the unknown loader for negligent packing of the contents of the truck. Four days later, Boyer amended the complaint to substitute Ito as the loader. Ito responded by filing a motion to dismiss on the grounds that the tort action was barred by Boyer's failure to file within the two-year period of the statute of limitation for tort actions. Section 13–80–102(1)(a), C.R.S. (1987 Repl.Vol. 6A).

In October, the trial court granted Ito's motion to dismiss and that ruling is not before us on appeal. Ito filed a motion for entry of final judgment pursuant to C.R.C.P. 54(b).

In March 1991, Boyer filed motions to reconsider the order of dismissal and for leave to amend the complaint to include a claim that Ito was liable for damages under the No Fault Act. In this second amended complaint, Boyer alleged that, under the Act, the vehicle was one required to be insured and that he was a pedestrian entitled to direct benefits for his injuries. Boyer argued that a three-year limitation of actions applied to this claim pursuant to § 13–80–101(1)(j), C.R.S. (1987 Repl.Vol. 6A).

The trial court granted Ito's C.R.C.P. 54(b) motion and denied Boyer's motions. In denying Boyer's motion for leave to amend his complaint, the court determined that his claim against Ito did not fall under the No Fault Act and, thus, was not subject to the three-year statute of limitation. This appeal followed.

Boyer contends that the trial court erred by determining that his tort claim against Ito is not "under" the No Fault Act and, therefore, not subject to the three-year statute of limitation. On the other hand, Ito argues that because it was not the owner, user, or operator of the truck, Boyer's tort action was controlled by the more general two-year statute of limitation. We agree with Ito.

Generally, tort actions must be commenced within two years after the cause of action accrues. Section 13–80–102(1)(a). However, the General Assembly has created an exception for "[a]ll actions *under* the 'Colorado Auto Accident Reparations Act'"; such actions shall be commenced within three years after the cause of action accrues. Section 13–80–101(1)(j) (emphasis added).

Thus, our task is to look to the No Fault Act to determine whether Boyer's action against Ito is "under" the Act so that Boyer has the benefit of the three-year statute of limitation. We conclude that it does not.

The General Assembly's purpose in enacting the No Fault Act is "to require registrants of motor vehicles in this state to procure insurance covering legal liability arising out of ownership or use of such vehicles and also providing benefits [to] persons injured in accidents involving such vehicles." Section 10–4–702, C.R.S. (1987 Repl.Vol. 4A).

Pursuant to this Act, every owner of a motor vehicle who operates, or permits another to operate, such vehicle on the public

highways of this state is required to purchase an insurance policy, § 10–4–705, C.R.S. (1987 Repl.Vol. 4A), which provides personal injury protection in amounts mandated in § 10–4–706, C.R.S. (1987 Repl.Vol. 4A). For injuries incurred in an accident involving an insured vehicle, it is the statutory duty of the vehicle owner's insurer to pay certain direct benefits, "without regard to fault," to the named insured, household relatives of the insured, anyone occupying the vehicle with the insured's consent, and pedestrians. Section 10–4–707, C.R.S. (1987 Repl.Vol. 4A).

As is pertinent here, the Act also places a limitation on certain tort actions brought by persons injured in automobile accidents. Specifically, an owner insured in compliance with the Act, a user, or an operator cannot be sued in tort for damages required to be paid under the Act. Section 10–4–713, C.R.S. (1987 Repl.Vol. 4A). Further, tort actions against such owner, user, or operator for "damages for bodily injury caused by a motor vehicle accident" are allowed only when certain threshold requirements are met. Those circumstances include death, dismemberment, permanent disability, permanent disfigurement, or to the extent that the benefits required to be paid for medical expenses exceed $2500. Section 10–4–714, C.R.S. (1987 Repl.Vol. 4A). "In this way, victims of automobile accidents are compensated and the amount of litigation arising out of automobile accidents is reduced." *Jones v. Cox,* 828 P.2d 218 (Colo.1992).

These are the actions—those brought against the owner, user, or operator by one entitled to direct benefits from the insurer for injuries incurred in an automobile accident—which our supreme court has held are " 'under' the Act and [to which] the legislature intended the three year statute of limitations to apply." *Jones v. Cox, supra.*

In so holding, the supreme court stated that to apply the two-year statute of limitation to actions restricted in § 10–4–713 and § 10–4–714 is "incongruous and contrary" to the legislative purpose of fully compensating the victim. To do so would have

"the effect of prohibiting an insured [from] filing suit unless she meets the requirements of the Act, while at the same time denying her the benefits of the Act's special statute of limitations." Thus, it concluded that if a victim's "ability to file her action is to be limited by the Act, she should enjoy the benefit of the longer statute of limitations that is provided for claims under the Act." *Jones v. Cox, supra.*

Here, however, Boyer makes no allegation that Ito was the owner of the truck, or that Ito was using or operating the truck at the time of the accident. Thus, Boyer's action against Ito for its negligent packing of the contents of that truck was a tort action which Boyer was able to bring against Ito immediately after his injury, unrestricted by any threshold requirements of § 10–4–714. Therefore, the rationale of *Jones v. Cox, supra,* is inapplicable here.

Accordingly, we conclude that the trial court did not err in determining that the action was not "under" the Act and that the two-year statute of limitation applied.

Insofar as Boyer argues that the trial court's refusal to allow him to amend his complaint was contrary to the "liberal policy of amendment," we also disagree.

The decision whether to allow an amendment to a claim is within the sound discretion of the court. *Koontz v. Rosener,* 787 P.2d 192 (Colo.App.1989). Although leave to amend "shall be freely given when justice so requires," C.R.C.P. 15(a) ], a court may deny leave when an amendment would be futile. *Conrad v. Imatani,* 724 P.2d 89 (Colo.App.1986).

Here, because Boyer's claim against Ito is not under the No Fault Act, it would be futile to allow Boyer to amend his complaint to include a claim for relief against Ito under such Act.

The judgment is affirmed.

STERNBERG, C.J., and NEY, J., concur.