David R. TRUJILLO, Plaintiff–Appellee,

v.

FARMERS INSURANCE EXCHANGE, Defendant–Appellant.

No. 92CA0477.

Colorado Court of Appeals, Div. IV.

March 25, 1993.

Rehearing Denied July 8, 1993.

Certiorari Denied Dec. 6, 1993.

Ozer & Mullen, P.C., Roger D. Fraley, Jr., Denver, for plaintiff-appellee.

Hall & Evans, Eugene O. Daniels, Malcom S. Mead, Denver, for defendant-appellant.

Opinion by Judge PLANK.

Defendant, Farmers Insurance Exchange (Farmers), appeals from a trial court judgment finding it liable under a policy of insurance for injuries sustained by the plaintiff, David R. Trujillo, from an accident with a trailer jack. We affirm.

The facts are undisputed. Trujillo was injured while using a camper jack to raise a camper shell in order to secure it to a pickup truck belonging to Jose Torres, the named insured on the Farmers' policy. The pick-up truck was parked a few feet in front of the shell. While raising the camper, the jack failed, and the camper shell fell to one side, injuring Trujillo.

The policy in question provides coverage for bodily injury "to an insured person caused by an accident arising out of the operation or use of a motor vehicle." Trujillo made a demand for personal injury protection (PIP) benefits under the policy. Farmers denied this demand, asserting that the accident did not arise out of the use of Torres' pickup truck and that, therefore, Trujillo was not an insured under the policy. Farmers also denied Trujillo's request for arbitration under the policy for the same reason.

Trujillo then brought this action, seeking an order compelling arbitration. On Trujillo's motion for summary judgment, the trial court ruled that Trujillo is entitled to coverage under the policy. It further ruled that Trujillo was not collaterally estopped from seeking damages from Farmers when Trujillo had already successfully collected a judgment against the rental agency that rented Torres the jack. The trial court did, however, direct that the $4,100 awarded for economic loss in the suit against the rental agent should be deducted from any payment by Farmers in order to avoid double recovery.

## I.

Farmers first argues that the trial court erred as a matter of law in determining that Trujillo was insured under its policy for this accident. We disagree.

Section 10–4–707(1)(c), C.R.S. (1987 Repl. Vol. 4A) of the Colorado Auto Accident Reparations Act (No–Fault Act) requires an insurance company to pay PIP benefits for, "[a]ccidental bodily injury arising out of accidents ... sustained ... while a pedestrian if injured in an accident involving the described motor vehicle."

The term "involving" in the statute means the same as the customary phrase "arising out of the use of a motor vehicle." *Trinity Universal Insurance Co. v. Hall,* 690 P.2d 227 (Colo.1984). Either phrase signifies a requirement of a causal relationship between the injury and the use of the vehicle. This relationship is determined by application of a "but for" test: an accident arises out of the use of a vehicle if the accident would not have happened "but for a conceivable use of the insured vehicle that is not foreign to its inherent purpose." *Kohl v. Union Insurance Co.,* 731 P.2d 134, 135 (Colo.1986).

In cases concerning the loading and unloading of vehicles, the "complete operations" test, which encompasses the entire process involved in the movement of items, is followed. There still must be, however, a relationship between the vehicle and the accident, and therefore, the sufficiency of any causal relationship can only be determined only by considering the particular facts surrounding an accident. *Titan Construction Co. v. Nolf,* 183 Colo. 188, 515 P.2d 1123 (1973). A showing that

the injury originated in, grew out of, or flowed from a use of the vehicle is sufficient. *Azar v. Employers Casualty Co.,* 178 Colo. 58, 495 P.2d 554 (1972); *Truck Insurance Exchange v. Home Insurance Co.,* 841 P.2d 354 (Colo.App.1992).

■ A camper shell is rarely lifted for any other purpose but to load or unload it to a pick-up truck; indeed, once loaded, it becomes a part of the pick-up truck itself. Given the weight of a camper shell, it is imperative that the shell be lifted to a level higher than the bed of the pick-up truck. To hold that an accident of this nature arises out of the use of the truck only while the truck is being moved under the camper would be contrary to established law in Colorado. Since the process of loading a camper shell onto a pick-up truck must necessarily include first raising the shell higher than the truck bed, but for loading the camper shell onto the pick-up truck, which is a conceivable use of the vehicle, the injury would not have occurred.

Hence, we agree with the trial court that Trujillo was a covered insured under the Farmers policy.

## II.

Farmers next contends that the trial court erred by not concluding that Trujillo was collaterally estopped from making a claim for damages for past and future medical expenses and lost income under PIP because he had a full and fair opportunity to litigate the issue of damages in his case against the rental agent. We agree with Trujillo that Farmers cannot now assert collateral estoppel because it did not plead that defense pursuant to C.R.C.P. 8(c).

■ Under C.R.C.P. 8(c), the defense of collateral estoppel must be affirmatively pled, and failure to plead an affirmative defense precludes an appellate court from considering the defense. *Crocker v. Colorado Department of Revenue,* 652 P.2d 1067 (Colo.1982).

■ However, if an affirmative defense is asserted in a motion for summary judgment, it is deemed incorporated into the answer. *Cox v. Pearl Investment Co.,* 168 Colo. 67, 450 P.2d 60 (1969); *Comstock v. Collier,* 694 P.2d 1282 (Colo.App.1984), *rev'd on other grounds,* 737 P.2d 845 (Colo.1987).

■ Here, Farmers did not raise the defense in a motion for summary judgment. Instead, Farmers argued in a responsive brief to Trujillo's motion for summary judgment, captioned, "Defendant's Combined Brief In Opposition To Motion For Summary Judgment And Trial Brief Regarding Coverage," that Trujillo was collaterally estopped from claiming more damages than the jury awarded him in his suit against the rental agent. Trujillo, in turn, objected in his reply brief, captioned "Plaintiff's Response To Combined Brief and Opposition To Motion For Summary Judgment" to this defense because it was not affirmatively pled. At no time did Farmers move the court to amend its answer, nor did it file its own motion based on the affirmative defense of collateral estoppel.

■ We hold that merely making an argument in a responsive brief, as opposed to affirmatively making a motion to the court based on the defense, does not negate a duty to plead affirmatively a defense of collateral estoppel. To hold otherwise would contravene the purpose of C.R.C.P. 8(c), which is to give notice to the opposing party. *See Cox v. Pearl Investment Co., supra.*

■ If we were to adopt Farmers' argument, any statement in any brief before a trial court would meet the requirements of C.R.C.P. 8(c), rendering the rule meaningless. The words and phrases in a rule of procedure are construed according to their familiar and generally accepted meaning, and if the language of the rule is plain, its meaning clear, and no absurdity results, the court will not strain an interpretation. *See Harding v. Industrial Commission,* 183 Colo. 52, 515 P.2d 95 (1973).

Hence, we hold that Trujillo is not collaterally estopped from seeking arbitration as to the amount of damages he may be entitled to under the policy.

Accordingly, the judgment of the trial court is affirmed, and the cause is remanded for further proceedings.

JONES and MARQUEZ, JJ., concur.