John D. GRULKE and Vickie L. Grulke, Plaintiffs–Appellants,

v.

Larry W. ERICKSON, Defendant–Appellee.

No. 94CA1496.

Colorado Court of Appeals, Div. V.

Dec. 7, 1995.

As Modified on Denial of Rehearing Feb. 22, 1996.

Certiorari Denied Aug. 19, 1996.

Appeal from the District Court of Boulder County, No. 93CV1082; Honorable Joseph J. Bellipanni, Judge. JUDGMENT REVERSED AND CAUSE REMANDED WITH DIRECTIONS.

Purvis, Gray, Schuetze & Gordon, John A. Purvis, Glen F. Gordon, Boulder, for Plaintiffs–Appellants.

Lasater & Associates, P.C., J. Scott Lasater, Littleton, for Defendant–Appellee.

Opinion by Judge DAVIDSON.

In this personal injury action, plaintiffs, John D. Grulke (Grulke) and Vickie L. Grulke, appeal from the summary judgment

dismissing their complaint against defendant, Larry W. Erickson, on the ground that the claims were time-barred under the applicable statute of limitations. We reverse and remand with directions.

Defendant, a Colorado resident, intended to buy an antique automobile in California. He traveled with Grulke, also a Colorado resident, from Colorado to California to pick up the car in a borrowed pickup truck.

In California, defendant rented a trailer to transport the antique car back to Colorado using the borrowed pickup truck. Grulke was injured when the car rolled out of the trailer and struck him. Plaintiffs' complaint, filed almost three years after the injury, alleged that defendant was negligent in failing to secure the car properly to the trailer and in failing to put the car in a proper gear or engage the parking brake to restrict its movement.

Defendant moved for summary judgment, asserting plaintiffs' claims were time-barred under Colo.Sess.Laws 1986, ch. 114, § 13–80–102(1)(a) at 696, for general tort actions, or under § 13–80–110, C.R.S. (1987 Repl.Vol. 6A) (the borrowing limitations statute), which provides that if a claim arises in another state, and is time-barred by the laws of that state, the claim cannot be maintained in Colorado. It is undisputed that under California law, plaintiffs' claims would be barred under that state's one-year statute of limitations for negligence claims.

In response, plaintiffs argued that the three-year statute of limitations for claims under the Colorado Auto Accident Reparations Act, § 10–4–701, et seq., C.R.S. (1994 Repl.Vol. 4A) (the No–Fault Act), found in § 13–80–101(1)(j), C.R.S. (1987 Repl.Vol. 6A) (the no-fault limitations statute) applied.

The trial court granted defendant's motion, ruling that, because both the accident and the injuries occurred in California, the claims were time-barred under the borrowing limitations statute by virtue of their being time-barred in that state. The trial court did not address the applicability of the no-fault limitations statute.

On appeal, plaintiffs concede that, if the No–Fault Act is inapplicable, their claims are time-barred under either the borrowing limitations statute or Colorado's general two-year tort limitations period under § 13–80–102(1)(a). They contend, however, that the no-fault limitations statute applies to their claims. Thus, they argue, the trial court erred in ruling that the borrowing limitations statute—which requires application of the California one-year limitation statute—governed their claims. We agree with plaintiffs.

■ On the limited record here, and as the issues have been framed by the parties, we need address only two questions: (1) is the No–Fault Act inapplicable as a matter of law; and, (2) if it is not, does the three-year no-fault statute of limitations or the borrowing statute apply to plaintiffs' claims. We conclude that, based on this record, the answer to the first question is no. Accordingly, as the case is presently postured and on the assumption that plaintiffs can prove a claim arising under the No–Fault Act, the three-year statute of limitations applies. Therefore, the entry of summary judgment based on the one-year California statute of limitations was error. See C.R.C.P. 56(c); Continental Air Lines, Inc. v. Keenan, 731 P.2d 708 (Colo.1987) (the burden of establishing the nonexistence of a genuine issue of material fact and the right to judgment as a matter of law is on the moving party).

## I.

### Application of the No–Fault Limitations Statute.

■ Personal injury actions between private parties, if filed by an insured motorist entitled to direct benefits under the No–Fault Act against an insured owner, user, or operator of the motor vehicle involved in the accident, are within the scope of the No–Fault Act. Jones v. Cox, 828 P.2d 218 (Colo. 1992); see Lee v. Bettale, 829 P.2d 1301, 1302 (Colo.1992) ("three-year statute of limitations ... applies to personal injury actions filed by an insured motorist against the [other] insured motorist").

### A.

No–Fault Act coverage applies to an injury sustained by a named insured when injured

is in an accident involving a motor vehicle regardless whether the accident occurs in Colorado or in any other jurisdiction. Section 10–4–707(1)(a), C.R.S. (1994 Repl.Vol. 4A).

In its motion for summary judgment, defendant raised no argument that the fact that the accident occurred in California affects any pertinent coverage issues under the No–Fault Act. *Compare* § 10–4–707(1)(a) *with* § 10–4–707(1)(c), C.R.S. (1994 Repl.Vol. 4A); *see also Budget Rent–A–Car Corp. v. Martin,* 855 P.2d 1377 (Colo.1993) (§ 10–4–707(1)(c) requires coverage only for accidents occurring in Colorado). And, neither party presented evidence as to insurance coverage on the pickup truck or the antique car, whether either was a named insured, or whether either qualified as an insured under a complying policy of the owner of the pickup truck.

On the other hand, plaintiffs' complaint asserts that they are insured motorists entitled to direct benefits for this accident under the No–Fault Act, and our review of the limited record demonstrates no evidence presented to the contrary. It is undisputed that both Grulke and defendant are Colorado residents, and are named insureds, respectively, under complying policies subject to the No–Fault Act. And, Grulke presented evidence, uncontroverted by defendant, that he was receiving from his own carrier direct benefits under the No–Fault Act for his injuries in this accident.

Accordingly, we cannot say, on this record, that either Grulke or defendant are not insured motorists under any relevant provisions of the No–Fault Act.

## B.

■ The limited record also indicates that the accident arose from the use of a motor vehicle—the pickup truck or the antique car, or both. An accident involves the use of a motor vehicle under the No–Fault Act if the accident would not have happened, but for "a conceivable use of the insured vehicle that is not foreign to its inherent purpose," and there is a relationship between the vehicle and the accident. *Kohl v. Union Insurance Co.,* 731 P.2d 134, 135 (Colo.1986); *Trujillo v. Farmers Insurance Exchange,* 862 P.2d 962 (Colo.App.1993).

■ For purposes of the No–Fault Act, the use of the vehicle need not be the sole cause of the injury and the accident need not occur while the vehicle is moving. *Kohl v. Union Insurance Co., supra* (removal of rifle from parked vehicle during hunting trip); *see also Aetna Casualty & Surety v. McMichael,* 906 P.2d 92 (Colo.1995) (use of truck as a barricade); *Titan Construction Co. v. Nolf,* 183 Colo. 188, 515 P.2d 1123 (1973) (injuries unloading a cement truck); *Trinity Universal Insurance Co. v. Hall,* 690 P.2d 227 (Colo. 1984) (vehicle used for sale of food and beverages); *Trujillo v. Farmers Insurance Exchange, supra* (use of a camper jack to put a camper shell on a trailer); *Truck Insurance Exchange v. Home Insurance Co.,* 841 P.2d 354 (Colo.App.1992) (loading a cylinder onto a truck bed); and *Great Plains Insurance Co. v. Angerman,* 833 P.2d 810 (Colo-App.1991) (inspecting brakes under a car).

Relying on *Boyer v. Ito Packing Co.,* 837 P.2d 773 (Colo.App.1992), defendant argues that the accident here did not involve any such "operation or use." However, unlike *Boyer,* plaintiffs here asserted defendant's operation and use of the pickup truck in connection with the accident with respect to how the straps were used within the trailer attached to the truck, as well as the operation and use of the antique car with respect to the car's gear and braking position.

■ Use of the pickup truck to transport another vehicle with an attached trailer is a conceivable use of the truck that is not foreign to its inherent purpose. Similarly, loading the antique car into a trailer is a conceivable use of the car that is not foreign to its inherent purpose. *See Kohl v. Union Insurance Co., supra* (noting the settled rule that injuries resulting from the adjustment of cargo and the loading and unloading of vehicles are causally related to a proper use of the vehicle); and *Truck Insurance Exchange v. Home Insurance Co., supra; see also Dairyland Insurance Co. v. Drum,* 193 Colo. 519, 568 P.2d 459 (1977) (when one vehicle tows another, there is "use" of both vehicles under the No–Fault Act by the driver of the

towing vehicle). And, but for loading the antique car onto the trailer attached to the pickup truck, the accident would not have occurred.

### C.

Finally, it appears that this accident involved "a motor vehicle." The applicable definition of a "motor vehicle" is "any motor vehicle required to be registered and licensed for operation on the public highways of [Colorado] or any other *jurisdiction.*" Section 10–4–707(2), C.R.S. (1994 Repl.Vol. 4A) (emphasis added).

█ Defendant provided the trial court with no evidence or legal support demonstrating that the antique car or the pickup truck were not registered or required to be registered either in Colorado or California. Defendant's unsupported assertion that the antique car is not a "motor vehicle" under § 10–4–707(2) because it was not registered in Colorado, even if true, would not demonstrate that such automobile is outside the definition of a "motor vehicle" in § 10–4–707(2) as, "any motor vehicle *required to be registered and licensed for operation on the public highways of this state or any other jurisdiction.*" (emphasis supplied)

Furthermore, even if the antique car is not a "motor vehicle" under the No–Fault Act, defendant did not present the trial court with any evidence demonstrating that the pickup truck used to tow the trailer containing the antique automobile was not a "motor vehicle" under § 10–4–707(2).

### II.

### *Selection of the Applicable Statute of Limitation.*

Defendant asserts that, regardless whether plaintiffs ultimately can prove a claim arising under the No–Fault Act, the borrowing statute is the controlling statute of limitations here. We disagree.

█ Although the borrowing statute bars a claim for relief which otherwise could be brought in Colorado but which arises in, and is barred in another state, *see Wyatt v. United Airlines, Inc.,* 638 P.2d 812 (Colo.App.

1981) (negligence/products liability action arising in, but barred by lapse of time in California, cannot be maintained in Colorado), it does not necessarily bar a claim for relief brought under Colorado law which is specifically controlled and limited by Colorado statute, such as the No–Fault Act, simply because a non-statutory out-of-state claim, not pursued by the plaintiff, involves the same subject matter. *See Folda Real Estate Co. v. Jacobsen,* 75 Colo. 16, 223 P. 748 (1924).

In addition, the supreme court already has determined that the longer no-fault limitations statute, rather than the shorter general tort statute of limitations, § 13–80–102(1)(a), applies to actions which arise under the No–Fault Act. *Jones v. Cox, supra.*

Therefore, as discussed, because we cannot determine at this juncture that plaintiffs' claims do not arise under the No–Fault Act, the remaining issue is whether the three-year no-fault limitations statute controls over the borrowing limitations statute. We conclude that it does.

█ The rules of statutory construction to determine the applicable limitation period when two statutes appear to be applicable are: (1) a later enacted statute should be applied over an earlier enacted statute; (2) the more specific of two applicable statutes should be applied; and (3) the longer of two applicable statutes should be applied. *Regional Transportation District v. Voss,* 890 P.2d 663 (Colo.1995); *Dawson v. Reider,* 872 P.2d 212 (Colo.1994).

Both the no-fault limitations statute and the borrowing limitations statute were reenacted in 1986. *See* Colo.Sess.Laws 1986, ch. 114, § 13–80–101 to 13–80–110 at 695–700. Further, both statutes are, in a sense, specific—the borrowing limitations statute applicable only to causes of action arising in another jurisdiction and the no-fault limitations statute applicable only to certain motor vehicle accident victims. But more importantly, and dispositive here, the no-fault limitations statute provides for a longer period of limitations. *See Regional Transportation District v. Voss, supra* (because statutes of limitation are in derogation of a presumptively valid

claim, a longer period of limitations should prevail where two statutes arguably are applicable).

Thus, by application of these factors to the circumstances presented here, the no-fault limitations statute is applicable if plaintiffs' claims arise under the No–Fault Act.

Because of our disposition of these issues, we need not address plaintiffs' remaining contentions.

The judgment is reversed and the cause is remanded for further proceedings in accordance with this opinion.

CASEBOLT and ROY, JJ., concur.