In re the MARRIAGE OF Carol
A. MORRIS, Petitioner,

and

Jerry A. Morris, Respondent–Appellant,

and Concerning Carmen G. Thompson,
f/k/a Carmen G. Morris, Intervenor–
Appellee.

No. 00CA1696.

Colorado Court of Appeals,
Div. A.

Aug. 2, 2001.

Ben W. Thompson, Boulder, CO, for Respondent–Appellant.

Richard K. Rufner, Englewood, CO, for Intervenor–Appellee.

Opinion by Judge STERNBERG.*

In this action concerning the enforcement of a judgment for child support arrearages, Jerry A. Morris (father) appeals from the trial court's order in favor of Carmen G. Thompson (intervenor). We affirm.

Father and Carol A. Morris (mother) divorced in 1972 while residents of the State of

---

* Sitting by assignment of the Chief Justice under the provisions of the Colo. Const. art. VI, Sec. 5(3), and § 24–51–1105, C.R.S.2000.

Texas. Under the Texas decree, father was required to pay $100 per month in child support until the parties' daughter, the intervenor in this action, turned eighteen on August 15, 1989. However, by his own admission, father made no support payments after 1976. He moved to Colorado on March 23, 1981.

Mother subsequently assigned her collection rights to intervenor, who commenced this action in 1998 for enforcement under the Uniform Interstate Family Support Act, C.R.S. § 14–5–101, et seq., C.R.S.2000. The parties stipulated to the amount of arrearages due from March 23, 1981, through August 15, 1989, with accrued interest.

The issue before the trial court was whether intervenor could proceed under Colorado law to recover arrearages when, under Texas law, her right to reduce the arrearages to judgment had expired. The trial court determined that Colorado law controlled, and it permitted the entry of a judgment for unpaid arrearages accruing from the date father moved to Colorado.

Father now contends that the trial court erred in determining that intervenor's right to a judgment for arrearages remained viable under Colorado law despite the fact that her right to collect arrearages had expired under Texas law some four years earlier. We disagree.

Central to the issue raised here is § 604 of the Uniform Interstate Family Support Act, 9 *Uniform Laws Annot.* 357 (1999 master ed.), entitled "Choice of Law," which provides:

(a) The law of the issuing state governs the nature, extent, amount, and duration of current payments and other obligations of support and the payment of arrearages under the order.

(b) In a proceeding for arrearages, the statute of limitation under the laws of this State or of the issuing state, whichever is longer, applies.

Section 604 has been adopted in substantially similar form by both Colorado and Texas. *See* § 14–5–604, C.R.S.2000; Tex. Fam.Code Ann. § 159.604 (Vernon 2000).

■ Under Colorado law, when any court-ordered installment of child support is due and unpaid, it automatically becomes a final money judgment without further resort to the courts. Section 14–10–122(1)(c), C.R.S. 2000; *In re Marriage of Nussbeck,* 974 P.2d 493 (Colo.1999). Consequently, the applicable statute of limitations is the twenty-year period prescribed in § 13–52–102(2)(a), C.R.S.2000 for execution upon judgments of every kind. *Hauck v. Schuck,* 143 Colo. 324, 353 P.2d 79 (1960); *In re Marriage of Aragon,* 773 P.2d 1110 (Colo.App.1989).

Texas law similarly provides that "[a] child support payment not timely made constitutes a final judgment for the amount due and owing, including interest as provided in this chapter." Tex. Fam.Code Ann. § 157.261 (Vernon 2000). However, the time limitation for enforcement differs significantly from that under Colorado law. It is set forth in Tex. Fam.Code Ann. § 157.005(b) (Vernon 1998), which provides:

The court retains jurisdiction to confirm the total amount of child support arrearages and render judgment for past-due child support if a motion for enforcement requesting a money judgment is filed not later than the fourth anniversary after the date:

(1) the child becomes an adult; or

(2) on which the child support obligation terminates under the order or by operation of law.

■ Here, father maintains that subpart (a) of the choice of law provision of § 604 of the Uniform Act, *supra,* controls and requires the application of the limitations period set forth in Tex. Fam.Code Ann. § 157.005(b). However, the trial court concluded that the phrase "and the payment of arrearages under the order" in § 604(a) pertains to a prior order of the issuing court dealing with arrearage issues, and not to a new proceeding not previously addressed in a court order. In further support of that reading, the court observed that this action was in the nature of a proceeding for arrearages and that the statute of limitations in Colorado generally refers to the length of time available to enforce judgments. It also noted that the term "statute of limitations," as used

in subpart (b) of the choice of law provision specifically refers to arrearage proceedings. For these reasons the trial court rejected father's assertion that this matter was governed by subsection (a) of the choice of law provision. It also reasoned that Texas' § 157.005(b) functions as a statute of limitations for judgments entered under § 157.261, and that because Colorado's statute of limitations is longer, it is the applicable provision under § 14–5–604(b).

Comment B(2) to § 604 of the Uniform Interstate Family Support Act, 9 *Uniform Laws Annot.* 357 (1999 master ed.), discusses the choice of law for the interpretation of a registered order and supports the trial court's analysis. It notes that the law of the issuing state governs the underlying terms of the controlling support order with one important exception: "if there are different statutes of limitation for enforcement, the longer time limit of either the registering state or the issuing state applies."

We agree with the trial court that Colorado's statute of limitations governs enforcement of the claim for child support arrearages asserted here. Inasmuch as the Uniform Interstate Family Support Act has been adopted in both Colorado and Texas, we further conclude that the choice of law provision operates reciprocally and that Texas is equally bound to recognize the law of the state with the longer statute of limitations. *See Attorney General v. Litten,* 999 S.W.2d 74 (Tex.App.1999)(in a proceeding to obtain a judgment for arrearages, Tex. Fam.Code Ann. § 159.604(b) requires application of the law of the state with the longer statute of limitation). We therefore reject father's assertion that the trial court was prohibited from entering judgment for the arrearages when the Texas support order could not be enforced under Tex. Fam.Code Ann. § 157.005(b).

■ Father asserts that § 13–80–110, C.R.S.2000, which bars an action in Colorado when it cannot be pursued in the state of its origin because of lapse of time, should be applied here. We do not agree.

■ We hold that the specific adoption of the choice of law provision under the Uniform Interstate Family Support Act by both Colorado and Texas overrides application of the general borrowing limitations statute set forth in § 13–80–110. In *Grulke v. Erickson,* 920 P.2d 845 (Colo.App.1995), a division of this court was faced with a conflict between the borrowing statute and the state statute of limitations for no-fault claims. In determining that the specific no-fault limitations period governed, the division relied upon the general rules of statutory construction used when two statutes of limitations appear applicable. Those rules are: 1) a later enacted statute should be applied over an earlier enacted statute; 2) the more specific of two applicable statutes should be applied; and 3) the longer of two applicable statutes should be applied. *Grulke v. Erickson,* 920 P.2d at 849. Under all three criteria, the choice of law provision under the Uniform Interstate Family Support Act represents the more appropriate provision to govern the limitations period for intervenor's claim.

Father also argues that the trial court erroneously considered Tex. Fam.Code Ann. § 157.261 because it was not enacted until after the statute of limitations in Texas had expired. However, a precursor to § 157.261 was enacted in 1974, which predates by many years the obligation at issue. Moreover, under Texas law, the statute is viewed as remedial or procedural in nature and would be applied retroactively. *See Harrison v. Cox,* 524 S.W.2d 387 (Tex.Civ.App.1975)(addressing effective date of the Texas Family Code and noting that the judgment provision could be applied retroactively to permit the collection of arrearages that accrued prior to the adoption of the code).

Based upon the foregoing considerations, we conclude the action of the intervenor to enforce her right to the arrearages that had accumulated under the Texas support order was timely.

The order is affirmed.

NEY and PIERCE **, JJ., concur.

---

** Sitting by assignment of the Chief Justice under the provisions of the Colo. Const. art. VI, Sec. 5(3), and § 24–51–1105, C.R.S.2000.